Before STATE INDUSTRIAL BOARD, Respondent.

PAUL DE MUTH, Respondent, v. EMILY O. BUTLER and Another, Appellants.

Thir 1 Department, November 13, 1924.

Workmen's compensation — claimant was engaged regularly week days as assistant gardener and lived in boarding house on employer's premises — while returning to his boarding house on Sunday after personal trip to New York city he stepped into hole and broke his leg — injury did not arise out of and in course of employment.

Claimant, an assistant gardener, who lived in a boarding house on the premises of his employer, did not receive an injury arising out of and in the course of his employment, since it appears that he was engaged to work regularly during week days, and did a few chores on Sunday; that he broke his leg while returning to his boarding house about nine-thirty on a Sunday evening after a visit to New York city on personal business; and that the accident was caused by claimant stepping into a hole on his employer's premises.

APPEAL by the defendants, Emily O. Butler and another, from an award of the State Industrial Board made on the 3d day of January, 1924, and also from an award made on the 31st day of January, 1924.

*Pettigrew, Glenney & Bovard* [*Walter L. Glenney* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was an assistant gardener upon the premises of the employer at Scarsdale, N. Y. His hours of work were from seven-thirty in the morning to five o'clock in the afternoon every day in the week except Sunday. He boarded and lodged in a boarding house upon the premises of the employer. It was the rule of the boarding house that all employees must be in the house by ten o'clock in the evening. On Sunday, September 2, 1923, after performing certain chores, the claimant left his employer's premises to go to New York city to get some clothes and visit a friend. He spent the day in New York and took an evening train for Scarsdale, where he arrived at about nine-thirty-five o'clock. He started to walk to his boarding house, about one mile away. While traveling upon a private road upon his employer's premises he stepped into a hole and broke his leg. The claimant's trip to New York was taken exclusively to satisfy his own needs and desires. His return to the premises of his employer was a part of that trip. When he

arrived upon the premises of his employer no duty of his employ-
ment attached. He traversed the premises in order to get to the
boarding house where he would receive shelter and obtain rest and
refreshment. These would gratify the needs of the body of no
other person than himself. They would have been satisfied equally
well by an equally good boarding house whether situate upon the
premises of his employer or otherwise. No service of his employer
was involved in his spending the night at the boarding house. He
was, therefore, not in the course of his employment when he
traversed the premises and was injured. (*Matter of Daly* v. *Bates
& Roberts,* 224 N. Y. 126.)

The award should be reversed and the claim dismissed, with
costs against the Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State
Industrial Board.