M. CARPENTER BAKING COMPANY and others, Respondents, vs. DEPARTMENT OF AGRICULTURE AND MARKETS and others, Appellants.

*November 8, 1934—February 5, 1935.*

For the appellants there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh* and *Mary Eschweiler* of Madison.

For the respondents there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *Edwin J. Gross*.

The following opinion was filed December 4, 1934:

ROSENBERRY, C. J. The real controversy here arises over the claim made on behalf of the state by the commissioners that whether loaves of bread be sold, wrapped or unwrapped, they must conform with respect to weight to the provisions of sec. 125.21, Stats.; that is, they shall be of the weight of one pound, one and one-half pounds, or multiples of one pound, proper allowance being made for variation. Plaintiffs on the other hand claim that if they wrap their bread, sliced or unsliced, in a wrapper, it thereby becomes a package within the meaning of that term as defined in sec. 352.08, and that if such package be branded as required by sec. 352.08, it need not conform to the weight provisions of sec. 125.21.

A determination of this question requires us to examine with care that part of the complaint quoted in the statement of facts to the effect that—

"plaintiffs found it necessary for sanitary and other reasons to wrap the loaves of bread so that thereafter bread was sold by them in package form as defined by section 352.08."

The trial court was of the view that this allegation being admitted by the demurrer, the court was foreclosed from inquiring whether or not an article of bread which was wrapped became a package, as that term is defined in sec. 352.08. If the allegation be one of fact, the court is concluded; if it be one of law, it is not. *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452; *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194.

In *Weyauwega v. Industrial Comm.*, with respect to a finding, it was said:

"Where the conclusion describes a legal status or condition it is ordinarily denominated a conclusion of law. Whether a finding is an ultimate fact or conclusion of law depends

upon whether it is reached by natural reasoning or by the application of fixed rules of law."

We see no better test than this to apply to an allegation in a pleading in order to determine whether or not it states a conclusion of law. The pleader says that a loaf of bread wrapped is a package as defined by sec. 352.08. Whether a wrapped loaf is a package within the meaning of sec. 352.08 is certainly a question of law and not of fact, because the rule of law prescribed in sec. 352.08 must be applied to the facts in order to reach a determination. The pleader did not say that the bread was sold in packages. He said that it was wrapped and that the wrapping of it made it a package as defined in the statute, an entirely different thing.

In this case, as in a good many other cases, the popular meaning attached to a term is often substituted for the statutory definition. The statute says that the term "package" shall mean a closed receptacle. A receptacle as was pointed out in the opinion of the attorney general, published in III Op. Atty. Gen. p. 915, has a distinct and definite meaning. The attorney general said:

"The term 'receptacle' has a broad meaning. It is defined in Webster's New International Dictionary as 'That which serves or is used for receiving and containing something: a repository.' In the Century Dictionary and Cyclopedia, it is defined as 'That which receives or holds anything for rest or deposit; a storing place; a repository; a container; any place open or closed that serves for reception and keeping.' A 'container' is defined as 'That which contains.' That the term is used in its broadest sense is evident from the fact that the phrase 'of any kind' follows the word 'receptacle.'

"The term 'wrapper' is defined in Webster's New International Dictionary as follows: 'That in which anything is wrapped or enclosed; envelop; cover; as the detachable paper cover put on a book to protect the binding; the tobacco leaf used for the outside covering of a cigar or stick or plug of tobacco; a loose outer garment.'

"The definition of 'receptacle' as above quoted conveys the idea of something of definite and permanent shape into which another object may be inserted and which will receive and hold such other object, while a 'wrapper' is simply a loose outside covering used to protect or cover a given object. In one instance the 'receptacle' gives shape to the package, while in the instance of the 'wrapper' the object wrapped gives shape to the package. I think popular opinion recognizes a well-defined distinction between the term 'receptacle' and the term 'wrapper' and from the definitions above quoted I believe such distinction is pretty well stated above."

We have nothing to add to this except that the etymology of the word "receptacle" confirms the meaning attached to it by the attorney general. No one would call a sheet of wrapping paper a receptacle. On the other hand, in popular language the word "package" is applied indiscriminately to articles wrapped in loose paper and to those in a solid container. A box in which candy is sold is undoubtedly a receptacle. A chocolate bar although wrapped in paper is not in a receptacle. According to the popular meaning attached to the word "package" they are each packages, but by the statutory definition a chocolate bar wrapped in paper is excluded. If, as is alleged in the complaint and in the brief of counsel for the plaintiffs, conditions under which bread is marketed and the practice of manufacturers requires a change in the law, the change should be made by the legislature. It is considered therefore that bread in the form of loaves, whether sliced or unsliced, must comply with the provisions of sec. 125.21. If slices of different kinds of bread, as for instance wheat, rye, and graham, are sold together in one wrapper, as stated by respondent, no one would claim that such a combination constituted a loaf. On the other hand, sliced bread is sold in the form of a loaf and when so sold it must comply with the provisions of sec. 125.21. The whole controversy ranges around the difference between the mean-

ing of the word "package" as defined in the statute and the sense in which it is ordinarily used.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to sustain the demurrer.

A motion for a rehearing was denied, with $25 costs, on February 5, 1935.