ECKHARDT, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 14—February 12, 1943.*

For the appellant there was a brief by *Williams & Williams,* attorneys, and *L. A. Tarrell* of counsel, all of Milwaukee, and oral argument by *Mr. Tarrell* and *Mr. Eugene Williams.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Campbell's Dollar Stores, Inc., and Hardware Mutual Casualty Company there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman* and *Harold M. Wilkie.*

ROSENBERRY, C. J.   The defendant, Campbell's Dollar Stores, Inc., hereinafter referred to as "Campbell's," is engaged in conducting a mercantile business at Waupaca, Wisconsin.   The facts as to which there is no substantial dispute were found by the Industrial Commission as follows:

## "FINDINGS OF FACT.

"That applicant was manager of respondent's store at Waupaca, Wisconsin; that respondent leased the building containing the store, in the second story of which was an apartment suitable and used for living quarters; that applicant moved into the apartment at the request of respondent and received as wage $13 per week and the use of the apartment; that one of the purposes of having the applicant live in the apartment was so that the respondent might have someone present who would be able to watch over and protect respondent's property in case of contingency, and another reason was to provide on occasion a convenient place to stay for others of respondent's employees who might be required to visit Waupaca from time to time in the course of respondent's business; that whenever other employees so stayed at the apartment they customarily paid the applicant for their accommodations; that the apartment was used by and was exclusively under the control of the applicant; that applicant took care of the store, kept books and records, and at times built fires and swept sidewalks; that she made daily reports

to the respondent; that sometimes these reports were made in the store and at other times in applicant's apartment; that respondent knew of such practice as to the place of making reports and acquiesced in it; that on January 14, 1941, applicant arose at about 5 a. m., dressed, made and drank a cup of coffee and prepared to have breakfast; that she discovered that she needed a certain paper in order to make out a daily report to the respondent, which she had commenced in her apartment the night before; that she started for the door of her apartment, intending to go downstairs and into the store in order to procure the missing paper; that before she reached the door of her apartment she fell on the floor of the dining room and fractured her hip; that at the time of her fall she had the key to the store in her hand; that she had not opened the store for the business of the day, nor had she previously left her apartment on that day.

"Based upon these facts the commission finds that applicant, when injured, was not performing service growing out of and incidental to employment, and that her injury did not arise out of employment; that when injured applicant was going to work in the ordinary and usual way, but that she was not on the premises of her employer; that the premises constituting the apartment were not controlled and maintained by the employer; that most of the furnishings of the apartment were supplied by the employee, and that she maintained the apartment in all respects as her private dwelling place; that such use and control of the premises established them as her own and not as the employer's; that applicant, when injured, was engaged in performing no other service for the employer than going to her work."

Upon the basis of these findings the commission concluded that appellant was not entitled to compensation, dismissed the application, and discharged the employer and the insurance carrier from liability.

Two questions are involved: (1) Is there credible evidence to sustain the finding that Caroline Eckhardt when injured, was not performing services growing out of and incidental to her employment; and

(2) Is there credible evidence to sustain the finding that Caroline Eckhardt's injury did not arise out of her employment?

The claimant argues that a question of law and not of fact is presented because there is no conflict in the evidence. It is true that the witnesses do not contradict each other but that fact does not support claimant's position. Where undisputed facts permit of different inferences a question of fact and not of law is presented. *Tiffany v. Industrial Comm.* (1937) 225 Wis. 187, 273 N. W. 519. See also *Scandrett v. Industrial Comm.* (1940) 235 Wis. 1, 291 N. W. 845; *Voll v. Industrial Comm.* (1941) 239 Wis. 71, 300 N. W. 772. In this connection, the rule laid down in *Weyauwega v. Industrial Comm.* (1923) 180 Wis. 168, 192 N. W. 452, is applicable. If when a rule of law is applied to undisputed facts, a final conclusion results, the question presented is one of law. If something more than the application of a rule of law is required in order to reach a final conclusion, a question of fact is presented. Whether the record presents a question of law or a question of fact arises most frequently on motions to direct a verdict or in the review of orders setting aside a verdict, see Digests, Trial, Province of Court and Jury. It has been the long-established rule in this state that a verdict may properly be directed only when evidence gives rise to no dispute as to the material issues or only when evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion. *Kroger v. Cumberland Fruit Package Co.* (1911) 145 Wis. 433, 130 N. W. 513; *Rusch v. Sentinel-News Co.* (1933) 212 Wis. 530, 250 N. W. 405. This rule is applicable to the finding of the Industrial Commission. *Weyauwega v. Industrial Comm., supra.* See also *M. Carpenter Baking Co. v. Dept. of Agr. & M.* (1935) 217 Wis. 196, 257 N. W. 606; *Tiffany v. Industrial Comm., supra.*

In this case no rule of law can be applied to the undisputed facts which will give the final result. Before the rule of law can be applied inferences must be drawn or the facts interpreted. That the minds of reasonable men may logically come to different conclusions upon the facts of this case does not admit of doubt. The examiner found one way, the Industrial Commission found the other way. The circuit court affirmed the Industrial Commission and on appeal this court is divided. Division of opinion does not arise from a difference as to the law to be applied to the facts but because different inferences of fact are drawn.

It is quite true that the finding of the Industrial Commission cannot be demonstrated to be correct. If the facts admitted of such a demonstration a question of law would be presented and not of fact. Applying the law to one set of inferences, the conclusion of the commission is reached. Applying the law to another set of inferences, the conclusion of the examiner is reached. The drawing of inferences being for the commission under the statute, its conclusion as affirmed by the trial court must stand.

That the claimant was not upon the premises of her employer at the time she received her injury does not admit of doubt. She had the exclusive possession of the rooms which she said she occupied as her home. It is undisputed that, when other employees visited Waupaca from time to time, she furnished them with lodging and meals and compensation therefor was paid to her for her own use. There is no question but that her possession was exclusive and subject at all times to her control.

Claimant was not required by the terms of her employment to do any of the work for which she was paid a salary otherwise than upon the premises of her employer. There were suitable desks, supplies, etc., provided for her in the store where the business of her employer was carried on. If she took a part of her work to her home it was manifestly for her

own convenience and not because under a duty to her employer to do all or any part of the work in her home instead of in the store. When she began shortly after 5 o'clock in the morning to prepare her breakfast and discovered before she had eaten her breakfast that in order to complete what she was doing (which related to her employer's business), it was necessary to have a certain paper which was left in the store, she started for the door of her apartment to do something for her own convenience, not to serve any interest of her employer. She was not at that time, as the commission found, engaged in the performance of any services for her employer and therefore she was not performing any service growing out of or incidental to her employment. In this state and many others it has been repeatedly held that one going from or to his home for the purpose of doing or obtaining work, where the employee is not required by the employer to do the work at home, is not within the course of his employment. *Githens v. Industrial Comm.* (1936) 220 Wis. 658, 265 N. W. 662; *Ohrmund v. Industrial Comm.* (1933) 211 Wis. 153, 246 N. W. 589; *Industrial Comm. v. Gintert* (1934), 128 Ohio St. 129, 190 N. E. 400; *Dubbert v. Beucus* (1933), 96 Ind. App. 390, 185 N. E. 311; *Industrial Comm. v. Anderson* (1917), 69 Colo .147, 169 Pac. 135; *Titus v. S. E. Sostmann & Co.* (1938) 133 Pa. Super. Ct. 201, 2 Atl. (2d) 580. See also *Wisconsin Carbonic Gas Co. v. Industrial Comm.* (1935) 219 Wis. 234, 262 N. W. 704.

The facts of this case clearly distinguish it from such cases as *John H. Kaiser L. Co. v. Industrial Comm.* (1923) 181 Wis. 513, 195 N. W. 329, and *Holt L. Co. v. Industrial Comm.* (1919) 168 Wis. 381, 170 N. W. 366. In each of these cases it was contemplated by the terms of the contract of employment that the employee was to sleep upon the premises of the employer and the employee was at all times while upon the company's premises under its care and protection at night as well as during the day. In neither case did the

employee have the exclusive right of occupancy to any part of the employer's premises. While her employer wished to have the apartment occupied by someone there is no evidence that claimant was required by the terms of her employment to live on the premises. No doubt the arrangement was for the mutual advantage of the claimant and the employer. With respect to the occupancy of the apartment, her relationship to her employer was that of lessee or licensee, not employee.

While it is true that the evidence might support other inferences, the inferences which the Industrial Commission drew from the facts are logical, permissible inferences and cannot for that reason be set aside on review, and the trial court correctly so held.

We note that the brief of the appellant does not comply either with the former rules or with the rules as revised and we call attention to it so that the error may be avoided in the future. The action in this case was brought to review the findings and the award of the Industrial Commission. We do not review the findings of the examiner. The findings of the commission are only partially set out in the plaintiff's complaint, a copy of which is printed in the appendix. In the brief, appellant sets out the facts as found by the chief examiner and then says:

"On petition to review the findings and order of the examiner, the Industrial Commission, as a whole, found as follows:
" 'Based upon these facts the commission finds that applicant, when injured,' " etc.

The commission did not base its conclusion upon the findings of the examiner. It made full and complete findings of its own, and it was upon these findings that it based the conclusions which it reached that at the time of her injury, the plaintiff was performing no other service for her employer than going to her work. The evidence which the appellant

wishes the court to consider is printed not in the appendix but in the brief. Detached quotations are made and nowhere is the evidence printed in full as it was given. It is of course not necessary to print every word uttered by the witnesses, in fact the rules forbid that, but what is printed should not be taken from its context and mere excerpts printed. It is not helpful to have a fragmentary presentation of the case.

There seems to be some misunderstanding of what the appendix of the appellant should contain. Rule 6 (5) (c) provides that the appellant shall print in his appendix—

"an abridgment of such part of the bill of exceptions as the appellant or plaintiff in error desires the court to read in support of his position. . . ."

This rule may not be couched in as precise language as it should be. It was taken from a rule current from the United States circuit court of appeals for the Fourth circuit. What was intended is that appellant shall print so much of the record as is necessary for a consideration of the questions raised by him. While of course where no question is raised with respect to the weight or sufficiency of the evidence, ordinarily but a small part of the bill of exceptions needs abridgment and insertion in the appendix. The rule is interpreted here as disclosed by the briefs filed since it has been in effect to mean about what would have been achieved if the old so-called "case" had been abridged so that nothing would be printed except that which would be applicable to the questions raised on review of motions granting a new trial, motions directing a verdict, or on appeal from judgments where the sufficiency or weight of the evidence is drawn in question. So much of the evidence as is material to a consideration of the questions raised by the appellant should be printed in his appendix, not only that part of the bill of exceptions which is favorable to the appellant. A compliance with the rules requires some study and analysis of the questions in the case and

it cannot properly be done without careful consideration of the record.

*By the Court.*—Judgment appealed from is affirmed.

FOWLER, J. (*dissenting*). The evidence in this case is entirely without dispute and upon that evidence every ultimate finding of the commission, all which are treated by the opinion as findings of fact, is erroneous as matter of law because entirely unsupported by the evidence—just as a finding of a jury without any support in the evidence is erroneous as matter of law. Certainly, a finding of fact of the commission is of no greater force or effect than a finding of fact by a jury.

The opinion of the court entirely ignores the basic undisputable fact that the plaintiff was performing a service for the employer which it was her duty to perform at the immediate time of her injury. The fact is undisputed that at the immediate time she was going to get data to enable her to complete the daily report which she was engaged in making when she arose from that work to go below to get the data. This being undisputably so, every ultimate finding of the commission is on its face erroneous.

The commission found that the applicant when injured, (1) was not performing service growing out of and incidental to her employment. She was performing service growing out of and incidental to her employment just the same as she would have been had she been making out her report in the store below and while so engaged arisen and started for the data and fallen while so going. In the latter case she would unquestionably have been injured while performing service growing out of and incidental to her employment, this whether she was going for the data to some place in the store, or in some other building or upstairs in the same building, or whether she sustained her injury while on the street or going upstairs or in her room upstairs.

(2) The second finding of the commission is that the applicant's injury did not arise out of her employment. Her injury did arise out of her employment. While performing a duty of her employment, at a place where she was authorized to perform it, and at a place where it was to the advantage of her employer that she should perform it she fell and was injured. It makes no difference whether she fell when upstairs or when downstairs or in the street or while going downstairs or while going upstairs, inasmuch as she went to get data to enable her to complete her report,—to finish performance of a particular duty and service required by her employment that she was at the time engaged in performing.

(3) The third finding of the commission is that the applicant was going to work in the ordinary way, but she was not on the premises of her employer. But she was not going to work. She was at her work of making out her daily report. And inasmuch as she was at that work it was entirely immaterial whether when injured she was on her employer's premises or off them.

It is undisputed that the applicant was occupying the apartment for the advantage of the employer who desired her to be there at night as a protection against burglars. Had the applicant been aroused at night by noise below, and in going to the telephone to call the police and fallen as she did in the instant case, she would clearly have been entitled to compensation under the act. With equal reason is she so entitled in the instant case.

All this seems to me a matter of simple and irrefutable reasoning and a common-sense construction of the statute. The decision of the court is contrary to a multitude of its prior decisions allowing compensation to employees injured while on a trip in the service of their employer. The doctrine of these cases was applied in *Bitker Cloak & Suit Co. v. Industrial Comm.* 241 Wis. 653, 6 N. W. (2d) 664. In that case a sales

clerk was directed by her employer to call on a customer who had purchased a garment and make inquiry concerning the purchase. In going to the store to her work in the morning she regularly walked from her home to a certain street intersection to take a streetcar downtown. The customer she was to call upon lived aside her regular route to this street intersection. Before reaching the customer's place of residence and the place where the route to the customer's residence deviated from her regular route to the intersection, the applicant fell on the street and sustained an injury. We held that when injured she was engaged in service growing out of and incidental to her employment, and affirmed an award of compensation. The rule of that case should be applied here. To refuse to apply it here is contrary to the liberal application of the statute that this court has uniformly applied in construing and applying the act in order to carry out its plain purpose. In my opinion the judgment of the circuit court should be reversed, with directions to vacate the order of the commission and return the record to the commission with directions to award compensation.

I am authorized to state that Mr. Justice MARTIN concurs in this dissent.