HELEN CARROLL v. WESTPORT SANITARIUM ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 4—decided November 8, 1944.

*Adrian W. Maher,* for the appellant (named defendant).

*Leslie N. Davis,* for the appellee (plaintiff).

MALTBIE, C. J.  This is an appeal from a decision of the Superior Court dismissing an appeal by the defendants from an award of workmen's compensation to the plaintiff.  The material facts decisive of the issues before us, with certain minor corrections to which the defendants are entitled, are these: The plaintiff was employed as a general maid in the defendant sanitarium.  It maintained a cottage on its property for the housing and sleeping accommodations of its employees.  It hired only such maids as would live on the premises.  The plaintiff's hours of actual employment were from about 6:30 in the morning until 5:15 p. m. or later, but never later than 7 p. m.  After the plaintiff had completed her work, her time was her own and she was at liberty to come and go as she pleased.  On March 1, 1943, having finished her work for the day, she left the premises to visit her sister's home in a neighboring town.  She had no work to do until 6:30 the next morning.  On returning, she and her companion stopped in a restaurant for some refreshment, and then walked to and entered the grounds of the sanitarium.  While walking along a path which led to the cottage maintained for its employees, she stepped on a

clinker, fell and received the injuries for which she claimed compensation.

In *Harivel* v. *Hall-Thompson Co.*, 98 Conn. 753, 120 Atl. 603, we had before us a case where the plaintiff, a traveling salesman who received in addition to his salary traveling expenses including hotel charges and who was required by his employment to stay in hotels in a certain city, was injured when attempting to escape at night from one of them which had caught fire; and we held that he was entitled to compensation. We said (p. 756): "If the salesman lodged and boarded on the premises of his employer, it would be conceded that his employment continued during this period. There can be no difference in principle between the furnishing of lodging and board by the employer upon his own premises, or upon the premises of another. The hotel lodging furnished by the defendant to the plaintiff was its own for the time being, which it supplied to its salesman. The salesman was not when injured engaged upon the immediate duties of his employment, but he was doing something which was incidental to such employment. The servant in a household when asleep is not then engaged upon her employment, but she is doing something incident to it. Her employer provides her with means of rest and preparation for the next day's work. Whether he provides this in his home or in an adjoining hotel, is immaterial. She is in his employ during the period of rest, whichever place it be passed in, for her employment is a continuous one. Between the salesman whose lodging and board is paid for by the employer and the servant who is treated in the same way, there is no substantial difference, except that in the extent of the time of work and in the intensity and quality of the work, the work of the salesman ordinarily surpasses that of the servant." We further said, in holding that the injury arose out of the

employment (p. 758): "The plaintiff, while in this hotel room, was then in the course of his employment. The conditions of that employment required him to lodge in this room at that time. The risk of injury to him from a fire in the hotel was one of the risks connected with the conditions of his employment."

In *Guiliano* v. *O'Connell's Sons*, 105 Conn. 695, 136 Atl. 677, 56 A. L. R. 504, we had before us a situation where the employers, engaged in road construction work, rented a barn nearby in order to relieve the difficulty of their employees in securing lodgings and gave them the privilege of sleeping in it without charge; certain of the employees who had finished their work on Saturday afternoon and were under no obligation to report for further duty until the following Monday went to the barn to sleep; and during the night a fire broke out from which they suffered the injuries for which they sought compensation. We held that they were not entitled to it. We quoted (p. 703) from the opinion in the *Harivel* case a part of the first passage quoted above, and added: "The continuousness of the employment made the case similar in principle to that of the house servant, the sailor, or the lumberman in a remote lumber camp. There is no continuity of employment in the case before us. These claimants were not required to lodge and board upon the employers' premises, but might come and go at their will." The opinion in the *Guiliano* case pointed out (p. 704) that the plaintiffs in living in the barn were not doing anything contemplated in their contract of employment; (p. 708) that the case was not like one where "the nature of the occupation and the order or provision of the employer, required [the employees] to live in a designated building"; but (p. 709) that the plaintiffs were living in the barn at their own option, though with their employers' permission.

The opinion in the *Guiliano* case very clearly distinguishes between a situation where an employer merely extends to an employee the privilege of living in quarters the former furnishes and the employee has a free choice whether he will do so or not and one where the contract of hiring requires the employee to live upon the employers' premises. This distinction is applied or noted in *Larson* v. *Industrial Accident Commission,* 193 Cal. 406, 224 Pac. 744, where compensation was allowed; and in *Matter of Pisko* v. *Mintz,* 262 N. Y. 176, 178, 186 N. E. 434, *Guastelo* v. *Michigan Central R. Co.,* 194 Mich. 382, 387, 160 N. W. 484, and *Eckhardt* v. *Industrial Commission,* 242 Wis. 325, 331, 7 N. W. (2d) 841, where it was denied. In the instant case, the plaintiff was in effect required to live in the cottage furnished by the sanitarium upon its premises. "When the employer provides [the employee] with lodging and requires him to occupy it, during his use of it he will be within the period of his employment when in such occupation, and his use of the lodging will be an incident of his employment, for he is there in compliance with his employer's orders, and while he obeys these and does not embark upon a frolic or business of his own, he must be held to be in the course of his employment." *Guiliano* v. *O'Connell's Sons,* supra, 700.

The injury to the plaintiff resulting from her stepping upon the clinker while she was following the path to the cottage arose out of her employment; *Lovallo* v. *American Brass Co.,* 112 Conn. 635, 640, 153 Atl. 783; unless, indeed, as stated in the last quotation above, she was engaged upon a frolic or business of her own. *Vitas* v. *Grace Hospital Society,* 107 Conn. 512, 516, 141 Atl. 649; *Smith* v. *Seamless Rubber Co.,* 111 Conn. 365, 368, 150 Atl. 110. Had she suffered injury while she was away from the premises of the sani-

tarium, she would undoubtedly have fallen within the rule denying compensation to an employee engaged upon business distinctly his own. However, she had returned to the premises and was following a walk which she might equally well have been traveling had she been going directly to the cottage from work in some other building on the grounds. In *Ohmen* v. *Adams Bros.*, 109 Conn. 378, 146 Atl. 825, we held an employee entitled to compensation where, after the hour when his pay began, he went to a certain place to vote with the permission of his employer and was injured after he had returned to and was proceeding along the same highway he would have taken had he gone to his place of work directly from his home. We said (p. 386) that the injury was compensable because it took place within the period of the employment, at a place where the employee might reasonably have been and while he was reasonably doing something incidental to that employment.

The following cases from other jurisdictions support our conclusion that the commissioner was right in awarding compensation to the plaintiff and that the trial court acted correctly in dismissing the appeal: *Underhill* v. *Keener,* 258 N. Y. 543, 180 N. E. 325; *Jasnig* v. *Winter,* 115 N. J. L. 320, 179 Atl. 844; *Malky* v. *Kiskiminetas Valley Coal Co.,* 278 Pa. 552, 123 Atl. 505; *Holt Lumber Co.* v. *Industrial Commission,* 168 Wis. 381, 170 N. W. 366; *Larson* v. *Industrial Accident Commission,* supra; *Employers' Liability Assn. Corporation* v. *Industrial Accident Commission,* 37 Cal. App. (2d) 567, 99 Pac. (2d) 1089; *State Fund* v. *Industrial Commission,* 98 Colo. 563, 58 Pac. (2d) 759; *Totton* v. *Long Lake Lumber Co.,* 61 Idaho 74, 97 Pac. (2d) 596; *Ivory* v. *Philpot Construction Co.,* (La. App.) 145 So. 784.

There is no error.

In this opinion BROWN, ELLS and DICKENSON, JS., concurred.

JENNINGS, J. (dissenting). I have no quarrel with the cases cited in the last paragraph of the opinion. In all of them the injuries were suffered in the building in which the employee was required to live. I also assume that the plaintiff was in the course of her employment because that was continuous. I am unable to see, however, that the injury arose out of her employment. As was said in a somewhat similar New York case: "The claimant's trip to New York was taken exclusively to satisfy his own needs and desires. His return to the premises of his employer was part of that trip. When he arrived upon the premises of his employer no duty of his employment attached." *De Muth* v. *Butler,* 210 App. Div. 505, 206 N.Y.S. 748. So here, when the plaintiff arrived on her employer's premises, no duty of her employment attached. Her return was part of her personal excursion. Under the circumstances of this case, from the time she left her cottage until she reached it on her return she was doing nothing incident to her employment, contemplated thereby or attached thereto as a risk thereof. *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 96 Atl. 368; *Reeves* v. *Dady Corporation,* 95 Conn. 627, 113 Atl. 162; *Citas* v. *Grace Hospital Society,* 107 Conn. 512, 141 Atl. 649; *Howe* v. *Watkins Bros.,* 107 Conn. 640, 142 Atl. 69. I think the award should be set aside.