C. Jane DAVIS, Plaintiff Below, Appellant,

v.

UNIVERSITY OF DELAWARE, James R. Cunningham, John Hale and Rita Quinlivan, Defendants Below, Appellees.

Supreme Court of Delaware.

March 22, 1968.

Frank J. Miller, of Walker, Miller & Wakefield, Wilmington, for appellant.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for appellees.

WOLCOTT, Chief Justice, CAREY, Justice, and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal by the plaintiff from the entry of summary judgment by the Superior Court against her in a personal injury action. The action was ordered dismissed as to the University of Delaware, and as to certain of its employees, on the ground that the accident to the plaintiff arose out of and in the course of her employment by the University, which means that the accident falls within the purview of the Workmen's Compensation Act (19 Del.C., Part II) which, by reason of 19 Del.C. § 2304, is the exclusive remedy of an employee against an employer and fellow employees for such an injury.

The plaintiff's injuries were occasioned by a fall in a dormitory during a fire drill on August 3, 1964. During the drill a large group of students running down the dormitory hall struck the plaintiff, causing her to fall.

The plaintiff, a woman of fifty, was employed by the University as a visual consultant in the Physical Efficiency Research Program at a salary of $1100.00 for eleven months. Specifically, she was employed to make a statistical study of the relationship between the vision of professional athletes and their performance records.

The plaintiff is an optical engineer. She was employed by Baush and Lomb Optical Company, Inc., prior to coming to the University. She left her job and came to the University for less pay in order to obtain a doctorate, one of the requirements of which was a full-time residence at the University of at least one year. In addition, the plaintiff received a "working grant" from Friends' Foundation which defrayed the cost of her tuition, room and board, upon the University's campus.

At the time of the accident complained of, the plaintiff was a student in the summer session of the University, and was also engaged in work preliminary to the statistical study she was hired to make.

The plaintiff had a desk assigned to her in the research office of the Athletic Department of the University, but she did most of her statistical compilation in her dormitory room. In discharging her duties, she was assigned a task and given a completion date, but thereafter worked independently of any daily output requirement.

Upon this showing, the trial judge held that the relationship between the plaintiff and the University was that of an employee-employer, and that she was injured while in the course of her employment. For this reason, the action was dismissed by summary judgment since exclusive jurisdiction over it was conferred by the Workmen's Compensation Law upon the Industrial Accident Board.*

The plaintiff's argument in this appeal is simply that the record is insufficient to support the finding of the trial judge that the plaintiff at the time of the accident was an employee-resident in the dormitory, thus making applicable the so-called "bunkhouse" rule typified by cases such as Allen v. D. D. Skousen Const. Co., 55 N.M. 1, 225 P.2d 452; Carroll v. Westport Sanitarium, 131 Conn. 334, 39 A.2d 892, and Bass v. Mecklenburg County, 258 N.C. 226, 128 S.E.2d 570.

The disposition of litigation by motion for summary judgment should, when possible, be encouraged for it should result in a prompt, expeditious and economical ending of lawsuits. When, however, a defendant moves for summary judgment against a plaintiff, the burden is cast upon him to demonstrate to a reasonable certitude that there is no issue of fact which, if resolved in favor of the plaintiff, would hold the defendant liable. Howard

---

* The plaintiff also filed a claim for compensation with the Industrial Accident Board which has been stayed pending the outcome of this action.

v. Food Fair Stores, New Castle Inc., Del., 201 A.2d 638; Ebersole v. Lowengrub, 4 Storey 463, 180 A.2d 467.

We are of the opinion that summary judgment was improvidently granted in this action because, in our opinion, there is an unresolved material issue of fact, the resolution of which is impossible to be made upon the present record.

It is impossible to determine from the record before us precisely what were the terms of the plaintiff's employment. To be sure, she was paid the sum of $1100.00 for eleven months' employment, but no other condition was spelled out beyond that she was employed as a visual consultant. There is no indication whatsoever as to hours of work, etc.

The plaintiff was the recipient of a "working grant" from Friends' Foundation in some undisclosed amount which provided her with tuition, room and board. This undisclosed amount was apparently paid by the Foundation direct to the University, but even this is unclear. Furthermore, the record is completely silent as to what precisely Friends' Foundation is. Presumably, it is a charitable foundation of some sort, but its manner of operating is unknown from this record. If, for example, it pays its grants to students in aid of some educational purpose of the student, this might well have a most direct bearing on the status of the plaintiff.

The plaintiff unquestionably was a graduate student at the time of the accident, but, equally unquestionably, she was an employee of the University. She was thus present on the University campus in a dual capacity—that of employee and that of student. Her status as a student seems to have come into being as a result of the Friends' Foundation grant, unless it in fact was part of her compensation as an employee of the University, which the trial judge apparently assumed it to be. The difficulty with this conclusion, however, is that there is nothing in this record which, with reasonable certitude, establishes it as the fact.

We think the issue must be resolved. It may well be the fact that she was employed by the University and that her compensation was a small salary, room, board, tuition and permission to work for a doctorate. On the other hand, her status might have been that of a part-time employee paid a small salary, and that of a graduate student attending the University on a grant from a charitable foundation.

We think this is a material and important issue in the cause, for upon its determination might well depend the status of the plaintiff at the time of her injury. It must be decided, and it cannot be decided on the record made thus far.

Since there is an unresolved issue of material fact, it was improper to enter summary judgment in favor of the defendants.

The judgment below is reversed.