**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE CORAL GABLES LUXURY HOLDINGS, a Delaware limited liability company.

)
)
)

C.A. No. 2024-0977-KSJM

**ORDER GRANTING SUMMARY JUDGMENT**

1. Shoma Coral Gables LLC ("Shoma") and Gables Investment Holdings ("GIH") are the sole Members of Coral Gables Luxury Holdings, LLC (the "Company"), and each own a 50% interest. In January 2019, a Florida court ordered the sale of the Company's sole asset, a property in Florida. The Florida court further ordered that the sale proceeds be placed in escrow pending resolution of the dispute between the parties. That decision is on appeal. Meanwhile, the sale of the property triggered dissolution of the Company, which in turn triggered a provision of the LLC agreement requiring that the Members agree to a liquidating trustee. GIH refused to agree. Shoma filed this suit seeking appointment of a liquidating trustee. Shoma also requests attorneys' fees under a provision of the LLC agreement.

2. The parties cross-moved for summary judgment, and this Order grants Shoma's motion. GIH's primary argument is that the escrow agreement in the Florida action renders a liquidating trustee unnecessary. GIH reasons that because the assets are tied up in escrow, there is nothing to liquidate. GIH also argues that Shoma's petition is barred by laches and that this action should be stayed pending resolution of the Florida actions. Although there is some practical appeal to GIH's arguments, the reality is that the parties will have to agree to a liquidating trustee at some point to wind down the Company, and the LLC agreement entitles Shoma to

that much. Plus, the laches defense does not work, and there is no reason to delay getting a liquidating trustee in place.

## I.      FACTUAL BACKGROUND

3.      The court draws this background from the undisputed facts drawn from GIH's Answer and the materials attached to the parties' briefing on the cross motions for summary judgment.[1]

### A.      The Company

4.      In May 2013, an affiliate of Shoma purchased a piece of real estate in Coral Gables, Florida (the "Property").[2] While the sale was pending, a GIH principal named Ugo Colombo approached Shoma's Masoud Shojaee about developing the Property together.[3] Colombo owned a car dealership next to the Property. The dealership was called The Collection, LLC (the "Collection").[4] Shoma and GIH agreed to purchase and develop the Property through the Company, which they formed in October 2013.[5]

---

[1] *See* C.A. No. 2024-0977-KSJM Docket ("Dkt.") 6 ("Answer"); Dkts. 9–10, Transmittal Affidavit of Ryan M. Ellingson ("Ellingson Aff."); Dkt. 12, Transmittal Affidavit of Joseph B. Cicero ("Cicero Aff."); Dkt. 14, Transmittal Aff. of Daniel M. Rusk, IV ; Dkt. 16, Transmittal Affidavit of Kelly E. Rowe.

[2] Answer ¶ 11.

[3] *Id.* ¶ 13; Ellingson Aff., Ex. 1 ("LLC Agr.") § 2.5.

[4] Answer ¶ 12.

[5] *Id.* ¶ 2.

**B.     The LLC Agreement**

5.     The Members executed an LLC agreement dated October 8, 2013 (the "LLC Agreement").[6]   The LLC Agreement empowers a two-person management committee to run the business and affairs of the Company, with Shoma and GIH each appointing a Manager (the "Management Committee").[7]  Shoma appointed Shojaee and GIH appointed Colombo.[8]

6.     The LLC Agreement provides for dissolving the Company following "[t]he sale of all or substantially all of the assets of the Company unless such sale or other disposition involves any deferred payment of the consideration for such sale or disposition[.]"[9]  It further provides:

> Upon dissolution of the Company, which will take effect as of the date of the event giving rise to the dissolution, the Company shall not terminate but shall continue solely for purposes of liquidating all of the assets owned by the Company (until all such assets have been sold or liquidated) . . . [and] the Company shall engage in no further business thereafter other than that necessary to cause the Property to be operated on an interim basis for the Company to collect its receivables, liquidate its assets and pay or discharge its liabilities.[10]

7.     The LLC Agreement states that "[i]n the dissolution and winding up of the Company, a liquidating trustee . . . approved by the Management Committee will proceed diligently to wind up the affairs of the Company and distribute its assets

---

[6] LLC Agr. at 1.

[7] *Id.* § 4.1(a).

[8] Answer ¶ 25.

[9] LLC Agr. § 10.1(d).

[10] *Id.* § 10.1.

3

pursuant to Section 9.2" and enumerates a process for the liquidating trustee to follow.[11]

8.      Under the LLC Agreement, "[t]he prevailing party in any action or proceeding between the Members and/or the Company shall be entitled to recover its attorneys' fees and expenses incurred in connection with such action or proceeding."[12]

## C.      The Florida Litigation

9.      The Company purchased the Property from Shoma on December 5, 2013.[13]  The Company planned to develop the Property into a mixed-use luxury building with a ground level retail space.[14]  But the relationship between the co-Members and co-Managers quickly soured.  Multiple disputes arose between them as the Company began to execute on its business plan.[15]  In the summer of 2015, GIH delivered a financing proposal, which contained a condition requiring that the Company first lease or purchase a parking lot and retail areas from the Collection.[16]  Shoma objected.[17]  Shoma and Colombo attempted to resolve their dispute in

---

[11] *Id.* § 10.2; *see also id.* § 9.2 (outlining the priority of cash distributions in a liquidation).

[12] *Id.* § 11.15.

[13] Answer ¶ 25.

[14] *Id.* ¶ 26.

[15] *See, e.g.*, Ellingson Aff., Ex. 5 (email correspondence between Shojaee and Colombo discussing outstanding issues).

[16] Ellingson Aff., Ex. 3; *see also id.*, Ex.4 at Ex. A.

[17] Answer ¶ 41.

4

September 2015 but failed to reach agreement.[18] They have not communicated about the business of the Company since the September 8, 2015 meeting.[19]

10. An epic legal battle ensued. The business disputes over the Company have generated four lawsuits in Florida. Two Florida lawsuits are pending.

11. The first is what the parties refer to as the "Florida Direct Action," which Shoma filed in the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida on January 27, 2016, for breach of contract, breach of fiduciary duty, tortious interference, and attorneys' fees against GIH, Colombo, and the Collection.[20] GIH counterclaimed.[21] After the Florida court held a five-day trial in October 2021, the jury awarded Shoma $10 million in damages.[22] The district court reversed and remanded the action on appeal.[23] On June 5, 2024, the trial court again entered judgment in Shoma's favor, awarding $14,876,709.60 in reliance damages, including over $4 million in prejudgment interest.[24] On June 26, the trial court entered a charging order directing the Company to pay Shoma any distributions that would otherwise be paid to GIH.[25] The decision is currently on appeal.[26]

---

[18] Answer ¶¶ 43, 47.

[19] *Id.* ¶ 2.

[20] *See* Ellingson Aff., Ex. 6 (Second Amended Complaint, Florida Direct Action).

[21] Answer ¶ 56.

[22] Ellingson Aff., Ex. 20.

[23] Cicero Aff., Ex D.

[24] Ellingson Aff., Ex. 20.

[25] *Id.*, Ex. 23.

[26] Cicero Aff., Ex. I.

12. The second is what the parties call the "Florida Derivative Action," which Shoma filed in Florida state court derivatively on behalf of the Company against GIH and Colombo for breach of fiduciary duties.[27] The action is still pending.[28]

13. The other two Florida suits—one by GIH against the Company and Shoma for rent and one by GIH against the Company for failing to make overhead payments to GIH—have been dismissed with prejudice.[29]

**D.     The Sale**

14. During the Florida litigation, GIH decided that the Property should be sold. In March 2017, GIH filed a petition for judicial dissolution in this court. Then-Vice Chancellor Montgomery-Reeves granted Shoma's motion to dismiss the Delaware Petition because the Company still held the Property at that time and none of the other contractual bases for dissolution had occurred.[30] After, Shoma supplemented its complaint in the Florida Direct Action in May 2017 to force the sale of the Property.[31] The Florida court ultimately appointed a broker for that purpose.[32]

---

[27] Ellingson Aff., Ex. 14 (Corrected Amended Complaint, Florida Derivative Action).

[28] *See Shoma Coral Gables, LLC v. Gables Inv. Hldgs., LLC*, C.A. No. 2017-17658 CA 40 (Fla. Cir. Ct. Sept. 26, 2017) Dkt. 131 (Mandate from appeals court reversing the dismissal of Shoma's contract claims). There has been no activity on these claims since December 2020.

[29] C.A. No. 2024-0977-KSJM Dkt. 20, Exs. 1–2.

[30] C.A. 2017-0168-TMR Dkt. 33 (Motion to Dismiss Ruling Transcript) at 43–52.

[31] Ellingson Aff., Ex. 7.

[32] *Id.*, Ex. 8.

The parties had multiple disputes during the sale process, which required court intervention.[33]

15. Ultimately, the Company sold the Property on January 25, 2019, pursuant to a court order.[34] The Property sold for $37 million, netting approximately $16 million in proceeds.[35]

### E. The Escrow Agreement

16. Before the parties went to trial in the Florida Direct Action, they entered into an escrow agreement to protect the proceeds from the sale of the Property (the "Sale Proceeds") while the Florida litigation is pending (the "Escrow Agreement").[36] Under the Escrow Agreement, which is governed by Florida law, the Escrow Agent shall hold the Sale Proceeds "until joint written disbursement instructions are received from [Shoma and GIH]."[37]

### F. This Litigation

17. On September 29, 2024, Shoma filed this action for the appointment of a liquidating trustee and for an award of attorneys' fees and expenses under the LLC Agreement.[38] GIH answered the petition on October 15, asserting affirmative defenses of laches, estoppel, and waiver.[39] GIH also took the position that the relief

---

[33] *Id.*, Exs. 9–13.

[34] Answer ¶¶ 3, 71.

[35] *Id.* ¶ 71.

[36] Ellingson Aff., Ex. 19 ("Escrow Agr.").

[37] *Id.* ¶ 5.

[38] C.A. No. 2024-0977-KSJM Dkt. 1.

[39] Answer at 31.

7

sought is premature and futile, because the Florida actions have not reached final resolution.[40] In the alternative, GIH sought a stay pending resolution of the parties' litigation.[41]

18. The parties cross-moved for summary judgment on Shoma's claims.[42] GIH also moved to stay this action in favor of the Florida actions.[43] The parties completed briefing on January 3, 2025,[44] and the court heard argument on both motions on January 8, 2025.[45]

## II. LEGAL ANALYSIS

19. Summary judgment serves to "avoid a useless trial"[46] and "should, when possible, be encouraged for it should result in a prompt, expeditious and economical ending of lawsuits."[47] Under Court of Chancery Rule 56, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[48] A party is entitled to judgment

---

[40] *Id.* at 31–32.

[41] *Id.* at 32.

[42] *See* C.A. No. 2024-0977-KSJM Dkts. 9 ("Shoma Opening Br."), 12 ("GIH Answering Br.").

[43] *Id.* Dkt. 12.

[44] *Id.* Dkts. 14, 16.

[45] *Id.* Dkt. 18.

[46] *McKesson Corp. v. Derdiger*, 793 A.2d 385, 388–89 (Del. Ch. 2002).

[47] *Davis v. Univ. of Del.*, 240 A.2d 583, 584 (Del. 1968).

[48] Ct. Ch. R. 56(c).

as a matter of law "where there are no material factual disputes."[49]  "If, however, there are material factual disputes, that is, if the parties are in disagreement concerning the factual predicate for the legal principles they advance summary judgment is not warranted."[50]  "In discharging this function, the court must view the evidence in the light most favorable to the non-moving party."[51]

20.    The Delaware Limited Liability Company Act (the "LLC Act") grants members of an LLC "the statutory freedom . . . to shape, by contract, their own approach to common business relationship problems."[52]  In resolving governance disputes in the LLC context, the court first looks to the rights and obligations as set forth in "the parties' bargained-for operating agreement."[53]  Delaware courts interpret LLC agreements like other contracts—objectively, giving "priority to the parties' intentions as reflected in the four corners of the agreement, construing the agreement as a whole and giving effect to all its provisions."[54]  "Under standard rules of contract interpretation, a court must determine the intent of the parties from the

---

[49] *Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 99 (Del. 1992) (citing *Moore v. Sizemore,* 405 A.2d 679, 680 (Del. 1979)).

[50] *Id.*

[51] *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[52] *Haley v. Talcott*, 864 A.2d 86, 88 (Del. Ch. 2004) (internal quotation marks omitted).

[53] *Franco v. Avalon Freight Servs. LLC*, 2020 WL 7230804, at *2 (Del. Ch. Dec. 8, 2020) (quoting *A&J Cap., Inc. v. L. Off. of Krug*, 2018 WL 3471562, at *5 (Del. Ch. July 18, 2018)).

[54] *Salamone v. Gorman*, 106 A.3d 354, 368 (Del. 2014) (quoting *GMG Cap. Invs., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 777, 779 (Del. 2012)) (internal quotation marks omitted).

language of the contract."[55] In so doing, the court looks to "context [as] the primary determinant of meaning, and . . . the structure and relationship of the parts of a contract" as indicative of "the drafters' intent."[56]

21. The parties cross moved for summary judgment on Shoma's claims for a liquidating trustee and attorneys' fees.

## A. Count I For A Liquidating Trustee

22. In Count I of the Petition, Shoma seeks the appointment of a liquidating trustee.

23. The parties agree that the Company is dissolved by the express terms of the LLC Agreement. The LLC Agreement provides that the Company "shall be dissolved" upon the sale of substantially all of the Company's assets.[57] The Company sold the Property on January 25, 2019. The Property comprised substantially all the Company's assets. The sale, therefore, triggered dissolution of the Company pursuant to Section 10.01 of the LLC Agreement. Again, the parties agree on this point.

24. The parties dispute whether the court should appoint a liquidating trustee. Shoma argues that the court must appoint a liquidating trustee to wind-down the Company under the LLC Agreement, which provides that, upon dissolution,

---

[55] *Twin City Fire Ins. Co. v. Del. Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003) (citing *Kaiser Aluminum Corp. v. Matheson*, 681 A.2d 392, 395 (Del. 1996)).

[56] *JJS, Ltd. v. Steelpoint CP Hldgs., LLC*, 2019 WL 5092896, at *6 (Del. Ch. Oct. 11, 2019) (citing *Chi. Bridge & Iron Co. N.V. v. Westinghouse Elec. Co.*, 166 A.3d 912, 913–14 (Del. 2017)) (describing the "whole-text canon" of contract interpretation).

[57] LLC Agr. § 10.1(d).

a "liquidating trustee . . . approved by the Management Committee will proceed to diligently wind up the affairs of the Company and distribute its assets."[58] Shoma further argues that the court should appoint a liquidating trustee under Section 18-803(a) of the LLC Act.[59] GIH responds that a liquidating trustee would be futile and unnecessary while the Escrow Agreement is in place.

25. Shoma is entitled to summary judgment on Count I under both the LLC Agreement and the LLC Act. Section 18-803(a) empowers the court to appoint a liquidating trustee to wind up an LLC's affairs on application of any member "upon cause shown."[60] Under Delaware law, cause to appoint a liquidating trustee can be demonstrated by the inability of members to agree how to wind up the company.[61] Shoma has shown just cause under this standard. This court has previously held that "winding up logically follows dissolution in an entity's life cycle."[62] A member can show just cause for judicial intervention by showing "the history of the parties

---

[58] *Id.* § 10.1.

[59] 6 *Del. C.* § 18-803(a) ("[T]he Court of Chancery, upon cause shown . . . may appoint a liquidating trustee.").

[60] *Id.*

[61] *Comerica Bank v. Glob. Payments Direct, Inc.*, 2014 WL 3779025, at *12 (Del. Ch. Aug. 1, 2014) ("This Court has found cause to exist where the history of the parties suggest they would be unable or unwilling to undergo a wind up process in an orderly or timely manner."); *Spellman v. Katz,* 2009 WL 418302, at *4 (Del. Ch. Feb. 6, 2009) ("Cause for judicial intervention into the winding up process may be shown by the demonstrated inability of the members to agree as to how winding up should proceed."); *Paciaroni v. Crane,* 408 A.2d 946, 956–57 (Del. Ch. 1979) (prescribing a process for winding up a partnership where the parties agreed to dissolution, but not what to do with the partnership's sole asset).

[62] *Spellman*, 2009 WL 418302, at *4.

suggest[s] they would be unable or unwilling to undergo a wind-up process in an orderly or timely manner."[63]  There is cause to appoint a trustee because the parties' relationship has deteriorated since their litigation began in January 2016.[64]  GIH does not dispute that there is cause to appoint a liquidating trustee due to the Members inability to cooperate on anything.[65]  Under these circumstances, GIH cannot deny that there is cause to appoint a liquidating trustee.[66]

26.    Even so, GIH advances three arguments in opposition.  First, it argues the doctrine of laches bars Shoma's claims.[67]  Second, it argues that the petition is futile because the Escrow Agreement and the LLC Agreement require both parties to consent to releasing the Sale Proceeds or make any disbursement.[68]  Third, it argues

---

[63] *Comerica Bank*, 2014 WL 3779025, at *12; *see also R&R Cap., LLC v. Merritt*, 2009 WL 2937101, at *5 (Del. Ch. Sept. 3, 2009), *appeal dismissed,* 981 A.3d 1173 (Del. 2009) (granting the plaintiff's request to appoint a receiver where "the parties' working relationship . . . [is] to put it mildly, dysfunctional").

[64] Shoma Opening Br. at 24.

[65] *See* Answer ¶ 2.

[66] *See Triple H Fam. Ltd P'ship v. Neal*, 2018 WL 3650242, at *14 (Del. Ch. July 31, 2018), *aff'd sub nom Neal v. Triple H Fam. Ltd. P'ship*, 208 A.3d 703 (Del. 2019) (finding good cause to appoint a liquidating trustee due to the parties' "pattern of behavior"); *Comerica Bank*, 2014 WL 3779025, at *12  (similar); *Phillips v. Hove*, 2011 WL 4404034, at *26 (Del. Ch. Sept. 22, 2011) ("Given their history of disputes large and small I find that the [LLC members] cannot wind down [the LLC] in an orderly or timely manner.  I therefore will appoint a liquidating trustee[.]").

[67] GIH Answering Br. at 19–20.

[68] *Id*. at 11–17.

that appointing a liquidating trustee would be premature while the Florida actions are pending.[69]  None of these arguments are persuasive.[70]

27.    First, Count I is not time barred.  There is a live dispute between the parties concerning whether a liquidating trustee should dissolve the Company and if so, who.  GIH perpetuates that dispute by refusing to consent to a liquidating trustee. It cannot use that delay to claim victory through laches.

28.    Second, GIH argues appointing a trustee would be futile because the Escrow Agreement cabins the trustee's ability to liquidate the Company's assets.[71] GIH argues that under the terms of the Escrow Agreement, the trustee would only be allowed to disburse the escrow funds upon consent of both parties or after a final, non-appealable order.[72]  Also, the Escrow Agreement is not subject to the terms of the LLC Agreement under Florida law, which governs the Escrow Agreement.[73]

29.    GIH might be right about how the Escrow Agreement works; this decision does not reach that issue.  Under Delaware law, the question is whether the party seeking the appointment of a trustee has shown cause.[74]  Shoma has shown

---

[69] *Id.* at 20–24.

[70] This Order does not resolve the issues that GIH abandoned during oral argument. *See* Dkt. 19 (Oral Arg. Tr.) at 28:11–13 (Cicero) (withdrawing the ripeness argument because "it's probably more a futility argument than it is a ripeness argument").

[71] GIH Answering Br. at 11–14.

[72] *Id.* at 13 (citing Escrow Agr. ¶ 5).

[73] *Id.* at 9, 16.

[74] 6 *Del. C.* § 18-803(a).

that it is entitled to a liquidating trustee under the LLC Agreement and Section 18-803(a) of the LLC Act.

30.     Third, GIH seeks to stay resolution of Count I pending resolution of its appeal in the Florida Direct Action.  The issues on appeal may affect the allocation of Company assets among the Members, but the outcome of the appeal will not obviate the need for a liquidating trustee.[75]  There is no reason, therefore, to delay getting a liquidating trustee in place.

**B.     Count II For Attorneys' Fees**

31.     In Count II of the Petition, Shoma seeks fees under the LLC Agreement. Section 11.15 provides that the prevailing party in any action or proceeding between the Members is entitled to attorneys' fees.[76]  Although Delaware courts generally apply the American Rule that "each party is expected to pay its own attorneys' fees regardless of the outcome[,]"[77] "where the parties have determined the allocation of fees by private ordering," "departure from this general rule and deference to their agreement are warranted."[78]  Because Shoma has prevailed on its motion for summary judgment, it is entitled to reasonable attorneys' fees.

---

[75] *See* Cicero Aff., Ex. I (notice of appeal in Direct Action); *see also* Ellingson Aff., Ex. 23 (charging order entitling Shoma to collect damages awarded in the Direct Action from GIH's liquidation distributions); GIH Answering Br. at 22.

[76] LLC Agr. § 11.15 ("The prevailing party in any action or proceeding between the Members and/or the Company shall be entitled to recover its attorneys' fees and expenses incurred in connection with such action or proceeding.").

[77] *Thornton v. Lamborn*, 2024 WL 3757903, at *1 (Del. Ch. Aug. 12, 2024) (citing *Chrysler Corp. v. Dann*, 223 A.2d 384, 386 (Del. 1966)).

[78] *Aloha Power Co., LLC v. Regenesis Power, LLC*, 2017 WL 6550429, at *5 (Del. Ch. Dec. 22, 2017) (quoting *W. Willow–Bay Ct., LLC v. Robino–Bay Ct. Plaza, LLC*, 2009

## III.   CONCLUSION

32.     For the foregoing reasons, Shoma's Motion for Summary Judgment and Fees is granted.  GIH's Motion for Summary Judgment and Fees is denied.

*/s/ Kathaleen St. Jude McCormick*
Chancellor
Dated: May 9, 2025

---

WL 458779, at *8 (Del. Ch. Feb. 23, 2009)); *see also LPPAS Representative, LLC v. ATH Hldg. Co., LLC,* 2022 WL 94610, at *7 (Del. Ch. Jan. 10, 2022).