MUSSON and others, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 6, 1945—January 8, 1946.*

For the appellants there was a brief by *La France & Edwards,* attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Mr. La France.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.    The sole question for decision is, Was the claimant at the time of the accident in question, performing services growing out of and incidental to his employment?  The court and the commission held that he was.  While it is true that the employers made no order requiring the claimant to remain upon the premises during the night, the circumstances were such as to make any other course on his part impractical.  The camp was situated four and one-half miles from the nearest place where lodging could be obtained. Claimant had no means of transportation and would have been obliged to walk to Abbotsford in the evening and return from Abbotsford in the morning.  It is considered that it was fairly within the contemplation of the parties that, under the facts and circumstances of the case, the claimant would sleep in the quarters provided for him by the employers.  Food was

furnished and served to the employees at the camp site, and while they were not prohibited from boarding elsewhere, it was expected that they would, and as a matter of fact they did, board there.

It is argued that the claimant was not compelled to sleep at the camp. That is true. While the circumstances in the case of *Holt L. Co. v. Industrial Comm.* (1919) 168 Wis. 381, 170 N. W. 366, were somewhat more compelling than the circumstances in this case, in other respects the facts were substantially the same.

The appellants contend that this case is ruled in their favor by *Gibbs Steel Co. v. Industrial Comm.* (1943) 243 Wis. 375, 10 N. W. (2d) 130. In that case a traveling salesman was injured while lodging in a tourist camp. The court pointed out that the applicant had a complete and unrestricted choice of sleeping facilities. In that case the claimant had means of transportation at hand and the employer in no way assumed responsibility for providing sleeping quarters. Where he slept was a matter of his own choosing. In this case, as in the *Holt L. Co. Case, supra,* while there was no compulsion in the sense of there being a contract to that effect, it was contemplated by both parties that the employee sleep upon the premises. As a practical matter under the circumstances of this case, as under the circumstances of the *Holt L. Co. Case,* no other choice was open to him.

Under the principles announced in the *Holt L. Co. Case, supra,* in *Gibbs Steel Co. v. Industrial Comm., supra,* and in *State Young Men's C. Asso. v. Industrial Comm.* (1940) 235 Wis. 161, 292 N. W. 324, it is considered that the court and the commission correctly held that at the time he sustained his injuries the claimant was performing services growing out of and incidental to his employment.

*By the Court.*—Judgment affirmed.