**225 P.2d 452**

**ALLEN v. D. D. SKOUSEN
CONST. CO. et al.**

No. 5331.

Supreme Court of New Mexico.

Dec. 18, 1950.

Simms, Modrall, Seymour & Simms, James E. Sperling, Albuquerque, for appellants.

Joseph L. Smith, W. T. O'Sullivan, Albuquerque, for appellee.

McGHEE, Justice.

The plaintiff, appellee here, was employed by the defendant construction company on July 28, 1947, as a truck driver on a road construction project in Otero county, and received a serious injury on July 31, 1947, while attempting to move a burning can of gasoline from the immediate vicinity of his tent located on a crusher and camp site under the control of his employer. The gasoline had been used by Allen and the owner of the truck the preceding night in making necessary repairs to the truck. From an award of compensation and attorneys' fees an appeal has been prosecuted to this court.

The truck had been rented by its owner to the employer, who in turn had employed the claimant to drive it. The employer furnished a bunk house and cook shack at the crusher and camp site for some of its employees, but was unable to furnish food or lodging to the plaintiff who was without means of transportation to Mayhill, some twelve miles distant, which was the nearest place where he might have procured eating and sleeping accommodations. Also there was no public transportation available. The owner of the truck furnished the plaintiff with a tent in which to sleep and prepare his meals and the employer allowed him to place the tent on the camp site at a place designated by its foreman or superintendent, for which no charge was made. At approximately 6:30 o'clock on the morning of the accident the claimant was preparing his breakfast. The gasoline in the can near the tent became ignited in some unknown manner, and to save the tent and the truck that was parked a short distance away, the plaintiff attempted to move the burning gasoline, when an explosion followed and the plaintiff sustained severe burns.

The appellants, defendants below, argue their assignments of error challenging the right of the appellee to recover under their Point I, which reads as follows:

"The injury received by the claimant (appellee herein) is not compensable under the Workmen's Compensation Act for the reason that such injury was not sustained while in the course of claimant's employment."

The trial court found that the claimant was reasonably required by his employment to be where he was at the time and place of his injury. This finding is attacked by the defendants, appellants here, as not being sustained by the evidence, but we are unable to agree with this contention. The owner, or the managing officer of the employer company, testified that while the plaintiff could camp or stay at any place he desired, that, situated as he was without means of transportation, he had the choice of not working or of doing what he did and pitching his tent on the camp site. Under such facts we believe his camping on the premises of his employer was a necessary incident of his employment.

It is the universal rule that where an employee is required by his employer to sleep in a bunk house, and he is injured therein while not engaged on a purely personal mission, such injury is compensable. However, no such requirement was made here and we disregard the cases so holding in arriving at a disposition of this case.

Here it was out of the question for the plaintiff to walk twelve miles to Mayhill when he had completed his work for the day, and then walk back to the job by 7 a. m., the starting time, the following morning. In addition to the bunk house and cook shack which accommodated a few of its employees, the employer provided free camping space for such employees as might desire to make camp there.

In Guiliano v. Daniel O'Connell's Sons, 105 Conn. 695, 136 A. 677, 678, 56 A.L.R. 504, compensation was denied for injuries received as the result of the burning of a barn in which the employer allowed his employees to sleep without charge. There is nothing in the case to indicate that other accommodations were not available at a reasonable distance. However, in the course of the opinion it is stated: "It is beyond controversy that an employee, who is required by the terms of his employment, or as incidental to it, to lodge in quarters furnished by the employer, during such time is, when not engaged in service purely for himself, within the course of his employment. * * * They were in the barn by the permission of their employers, and, if sleeping within the barn was an incident of their employment, it must be held that they were fulfilling the duties of their employment."

The case of Edwards v. Industrial Commission of Utah, 87 Utah 127, 48 P.2d 459, holds squarely that where an employee voluntarily resides on his employer's property the employer is no more obligated to pay compensation for a disability which arises at the place of residence than he would be if the accident occurred at the employee's residence off the premises. There is nothing in the opinion, however, to state whether other living quarters were reasonably available off the premises.

In the case of Wallace v. Texas Indemnity Ins. Co., Tex.Civ.App., 94 S.W.2d 1201,

it was held by the El Paso Court of Appeals that where a laborer had specified hours to work, was not subject to call at other times, and by choice and not compulsion lived in a bunk house furnished by the employer free of charge, a laborer's death resulting from burns received when the bunk house caught fire during a time when he was not at work was not compensable. In the later Texas case of Texas Employers Insurance Association v. Sparrow, 134 Tex. 352, 133 S.W.2d 126, the Commission of Appeals held that where an employer furnishes a boarding or lodging place for employees, an employee is ordinarily not entitled to compensation for an injury occurring at such place, absent a requirement of the terms of his employment, *or as necessarily incident thereto,* that he lodge in such quarters. (Emphasis ours.)

In the case of Musson v. Industrial Commission, 248 Wis. 192, 21 N.W.2d 265, it was held that where an employer furnished the bed and bedding on which the employee could sleep, and while the employee was endeavoring to hold a tent flap down during a storm at night, a tool shed was blown over injuring him, the injuries arose out of and in the course of employment, although the employee was not compelled to sleep at the camp.

In Truck Insurance Exchange v. Industrial Accident Commission, 27 Cal.2d 813, 167 P.2d 705, 707, it is held: "Where the contract of employment contemplates that the employee shall live on the employer's premises an injury sustained while the employee is making a reasonable use of such premises, although not during working hours, can properly be found to be within the course of employment. (Citing cases.)"

In Wilson Cypress Co. v. Miller, 157 Fla. 459, 26 So.2d 441, 442, the employer furnished a house boat for such of its employees as desired to sleep there. An employee was sleeping in the house boat when a fire occurred and he lost his life. In defense of a claim filed by the widow, the employer urged that the workman was not injured within the course of his employment. In answer to this claim the court said:

"The law is well settled to the effect that when the contract of employment contemplates that the employee shall sleep on the employer's premises, as an incident to the employment, and is injured while not engaged on a purely personal mission, the injury is compensable. (Citing cases.)

"In this case Miller (the employee) was not required to sleep on the house boat. He could have held the job without sleeping there. The employer furnished the house boat, without cost to the employees, for the obvious purpose of furthering his business. It cannot be argued seriously that the employer did not contemplate the use of the boat to sleep his employees. The case

comes within the well known bunk-house rule."

 Here, as stated by the head of the employer company, if the plaintiff was to work on the job he had to camp on the crusher and camp site, around which the employer had built a fence. He pitched his tent at the place designated by his employer's superintendent. He was injured by an explosion of the gasoline used the night before in the repair of the truck he was driving for his employer at a time when he was doing the necessary work of preparing his breakfast.

Notwithstanding our high regard for the courts which hold such injury not compensable, we believe the better reasoned cases hold to the contrary, and we therefore conclude that the injuries of the plaintiff arose out of and in the course of his employment, and are, therefore, compensable.

 The defendants say that the medical testimony did not sustain the trial court's finding of a total disability to the extent of 33⅓ per cent following eight months of total, temporary disability. However, they do not quote any of the testimony on the point in their brief or refer us to pages of the transcript where it may be found. We therefore decline to consider such claimed error. Campbell v. Hollywood Race Association, 54 N.M. 260, 221 P.2d 558.

The judgment will be affirmed and a fee of $800.00 allowed to the plaintiff's attorneys for services in this court.

It is so ordered.

LUJAN, SADLER and COMPTON, JJ., concur.

BRICE, C. J., not participating.