281 P.2d 123

Madalyne M. JOHNSON, widow, Charles Herbert Johnson, Charlotte Virginia Johnson, Madalyne Ruth Johnson, minor children, Petitioners,

v.

ARIZONA HIGHWAY DEPARTMENT, defendant employer, and The Industrial Commission of Arizona, defendant insurance carrier, Respondents.

No. 6006.

Supreme Court of Arizona.

April 12, 1955.

416

Harold E. Whitney, Phoenix, Howland F. Hirst, Phoenix, of counsel, for petitioners.

John F. Mills, Prescott, John R. Franks, Donald J. Morgan and Robert K. Park, Phoenix, of counsel, for respondent Industrial Commission.

WINDÈS, Justice.

Certiorari to the Industrial Commission of Arizona to test the validity of an award denying compensation. The essential facts are not in dispute. James A. Johnson, hereinafter designated decedent, was an employee of the State Highway Department as an inspector at the inspection station located at Lupton, Arizona, which is about 20 miles west of Gallup, New Mexico, and 19 miles east of Sanders, Arizona. Altogether there were four employees. They worked regular eight-hour shifts with four days off each month. Outside of what either the employer or employees furnished there were no living accommodations at Lupton except one small hotel with rates that the employees could not afford considering the amount of their salaries. Living accommodations were obtainable at Sanders, 19 miles distant, but employees without private cars, in order to avail themselves of these accommodations, would have to ride the bus or secure gratuitous transportation on trucks that might pass through. Decedent's wife did not reside with him at Lupton and used their car. Originally there were no housing facilities at all and some of the employees built a few small, cheaply-constructed houses for their use while employed. Later the Highway Department purchased two of these houses and placed them at the disposal of employees for living quarters.

At the time of the accident, decedent was living in one of these Highway Department houses. As near as can be determined he went off duty at 8:00 o'clock on a cold morning, went to the house to prepare for retirement, lighted an oil stove and went back to the station for awhile. After he returned to the house and while apparently asleep, fire broke out, destroying the building and severely burning the employee from which he died. Application for compensation for the widow and minor children was made by Madalyne M. Johnson, petitioner herein. After rehearing, the commission, respondent herein,

denied such application upon the ground that the accident did not arise out of and in the course of decedent's employment. The correctness of this award is presented for our consideration.

██ The authorities are agreed that if an employer furnishes living accommodations for an employee and requires him to occupy the same while employed, the continuity of employment is not broken while he is actually using and occupying the premises for the purpose for which it was furnished. In other words, under such circumstances he is still within the orbit of his employment while using the premises for living quarters, even though he be off duty from regular shift. The reason for this is that if his employer requires such occupancy, the same is an incident to the obligation of his regular employment. The activity of using such housing accommodations is exercised as an incident to the performance of his duties to the employer. 58 Am.Jur., Workmen's Compensation, section 229; Annotations, 31 A.L.R. 1252; 56 A.L.R. 512; 158 A.L.R. 608.

██ Mr. Earl Standage, supervisor of the Motor Carrier Department, who had supervision over all inspection stations, testified that the employees were not required to avail themselves of these living quarters. In the sense that the employer did not expressly compel the use of these facilities by the employees, this statement is no doubt correct. Our view is that an employee may be compelled to accept housing facilities merely by reason of the conditions and circumstances under which he is required to work as well as by reason of the express requirement provided in an employment contract. There is authority susceptible of the interpretation that if there is only consent by the employer that the employee could use housing facilities furnished by the employer, irrespective of any requirement, either express or by reason of circumstances, an accident occurring during occupancy is compensable. Wilson Cypress Co. v. Miller, 157 Fla. 459, 26 So.2d 441. Our view is this is extending the rule of compensability too far. At least the element of reasonable requirement should exist.

██ Likewise, there is authority to the effect, at least implied, that if there is no express requirement imposed upon the employee by the employer and it is optional with the employee whether he accepts the offered housing facilities or secures his own, there is no continuity of the employment while using the premises. Guastelo v. Michigan Cent. R. Co., 194 Mich. 382, 160 N.W. 484, L.R.A.1917D, 69. If that case or others from any other jurisdiction is to be interpreted to the effect that requirement to accept and use facilities offered by the employer cannot result from circumstances and conditions as well as by express contract, we could not agree

418

with such conclusion. If one is employed under conditions that offer no other reasonable alternative except that he utilize housing facilities furnished by the employer, it is as effective a requirement as an express condition in his employment contract. Allen v. D. D. Skousen Const. Co., 55 N.M. 1, 225 P.2d 452; Musson v. Industrial Commission, 248 Wis. 192, 21 N.W.2d 265, 266. The last-mentioned case presented an analogous situation and therein the Wisconsin court said:

"While it is true that the employers made no order requiring the claimant to remain upon the premises during the night, the circumstances were such as to make any other course on his part impractical. The camp was situated four and one-half miles from the nearest place where lodging could be obtained. Claimant had no means of transportation and would have been obliged to walk to Abbotsford in the evening and return from Abbotsford in the morning. It is considered that it was fairly within the contemplation of the parties that under the facts and circumstances of the case, the claimant would sleep in the quarters provided for him by the employers."

Our conclusion is, therefore, that the decedent was in the course of his employment at the time of the accident. When an accident occurs in the course of employment, the test generally as to whether the same arose out of his employment is that there be a causal relationship between the injury and the conditions under which the work was to be performed. McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147. In the instant case, it is impossible to escape the conclusion that there is a causal relationship between the death of decedent and the conditions under which he was required to perform his services at the highway department inspection station. Under the conditions of his employment he was required to use these facilities for living and sleeping quarters and as a result thereof, the injury occurred. Larson v. Industrial Accident Commission, 193 Cal. 406, 224 P. 744. The commission erroneously ruled that the accident did not arise out of and in the course of his employment.

Award set aside.

LA PRADE, C. J., and UDALL, PHELPS, and STRUCKMEYER, Jr., JJ., concurring.