**NORTHERN CORPORATION, an Alaska corporation, and Home Insurance Company, a foreign insurance corporation, Appellants,**

v.

**Eino M. SAARI, deceased, Lennea Saari, Leonard Lyle Saari, and Alaska Workmen's Compensation Board, Appellees.**

**No. 613.**

Supreme Court of Alaska.

Jan. 17, 1966.

James J. Delaney, Jr., of Delaney, Wiles, Moore & Hayes, Anchorage, for appellants.

Robert E. Hammond, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Eino Saari, an employee of appellant Northern Corporation, died of a skull fracture after he fell off a road into a creek bed about 10 feet below the level of the road. The question for decision is whether Saari's death arose out of and in the course

of his employment.[1] The Alaska Workmen's Compensation Board held that it did and awarded compensation for death. On appeal, the superior court affirmed the award. An appeal to this court followed.

Northern Corporation had contracts to perform certain work at a United States Air Force installation located at Sparrevohn, Alaska, approximately 170 air miles west of the City of Anchorage, Alaska. Northern's employees lived in a camp provided by Northern. No recreational facilities in the camp were furnished other than an area in the mess hall where coffee and cookies were made available. Northern had arranged with the Air Force to allow Northern's employees to utilize the non-commissioned officers' club at the Air Force Base which was about 700 yards from Northern's camp. There was a road between the camp and the Air Force Base which was used by Northern's employees after working hours in going to and from the camp and the non-commissioned officers' club. This road connected the Air Force Base with the airport and was also used by Air Force personnel and any one else who called at the base.

Sparrevohn is a remote site inaccessible except by air, and the flying schedule between Sparrevohn and Anchorage was very uncertain due to weather. The president of Northern testified that an employee was not obliged to stay in camp—that he was free to go to Anchorage if he had transportation. However, he also stated that it was highly impractical for a man to live elsewhere than at the camp since he would have to fly back and forth every day, and that from a practical standpoint it was a condition of employment that the employees stay in Northern's camp.

At the time of Saari's accidental death, he and a fellow employee were returning to camp after having spent the evening at the non-commissioned officers' club at the air base. It was after midnight on September 2, 1962 and the night was dark and stormy. Saari apparently slipped off the edge of the road between the air base and the camp and fell to a creek bed about 10 feet below the level of the road and struck his head. The accident occurred during off duty hours. Saari's hours as a carpenter were from 7:00 a. m. to 5:30 p. m. six days a week with no work on Sundays.

In order for Saari's death to be compensable, it must have arisen out of and in the course of his employment with Northern. It has been held that "arising out of" and "in the course of", being used conjunctively, state two separate tests that must co-exist before an accidental injury or death will be compensable, and that proof of one of those elements without proof of the other will not sustain an award.[2] However, we believe that as a practical matter the two tests should not be kept in separate compartments, but should be merged into a single concept of work connection.[3] In other words, if the accidental injury or death is connected with any of the incidents of one's employment, then the injury or death would both arise out of and be in the course of such employment.

In R.C.A. Service Co. v. Liggett we approved the general rule that injuries occurring off an employer's premises while the employee is going to or coming from work do not arise in the course of his employment.[4] But that rule does not govern the situation here. We do not have a case, as we did in *Liggett*, of an employee being injured while he was traveling from his

1. Under the Alaska Workmen's Compensation law, compensation is payable for accidental injury or death "arising out of and in the course of employment." AS 23.30.265(13).

2. Christian v. Chicago & I. M. Ry., 412 Ill. 171, 105 N.E.2d 741, 743 (1952); Loyola Univ. v. Industrial Comm'n, 408 Ill. 139, 96 N.E.2d 509, 511 (1951).

3. 1 Larson, Workmen's Compensation § 29.10, at 452.97 (1965). See Martin v. Plaut, 293 N.Y. 617, 59 N.E.2d 429, 158 A.L.R. 603 (1944).

4. 394 P.2d 675, 677–678 (Alaska 1964).

home to his place of employment, with such journey being no part of the service the employee was performing for his employer. Saari was killed in the course of utilizing the recreational facilities at the air base which had been provided by Northern for the benefit and enjoyment of Saari and the other employees.

While it may be true that Saari was under no obligation to live at Northern's camp, it is obvious from the remote location of Sparrevohn that any other course was totally impractical. In fact, this was admitted by the president of Northern. By reason of the restricted conditions of employment at Sparrevohn, it is reasonable to conclude that Northern's arrangement for the use of recreational facilities at the air base was an important factor in personnel relations—that such an arrangement contributed to a higher degree of efficiency of Northern's work at Sparrevohn. Because of the restricted conditions of employment and the availability of employer-provided recreational facilities, we believe that the risk of injury or death while going to or from the employer's camp and the location of the recreational facilities on the only road available could be said to be a risk associated with one's employment with Northern.[5] We hold that Saari's accidental death was an incident of his employment—that his death arose out of and in the course of such employment.[6]

The order of the superior court affirming the order and award of the Alaska Workmen's Compensation Board is affirmed.

---

5. See 1 Larson, Workmen's Compensation § 24.30, at 434–438 (1965).

6. O'Keeffe v. Smith, Hinchman & Grylls Associates, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895, 898 (1965); O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 506–507, 71 S.Ct. 470, 95 L.Ed. 483, 486 (1951); O'Keeffe v. Pan Am. World Airways, Inc., 338 F.2d 319, 324–325 (5th Cir. 1964), cert. denied, 380 U.S. 951, 85 S.Ct. 1083, 13 L.Ed.2d 969 (1965); Pan Am. World Airways, Inc. v. O'Hearne, 335 F.2d 70, 71 (4th Cir. 1964), cert. denied, 380 U.S. 950, 85 S.Ct. 1080, 13 L.Ed.2d 968 (1965); Self v. Hanson, 305 F.2d 699, 702–703 (9th Cir. 1962); Hastorf-Nettles, Inc. v. Pillsbury, 203 F.2d 641, 643 (9th Cir. 1953); Truck Ins. Exch. v. Industrial Acc. Comm'n, 27 Cal.2d 813, 167 P.2d 705, 706–707 (1946); Carroll v. Westport Sanitarium, 131 Conn. 334, 39 A.2d 892 (1944); accord, Employers' Liab. Assur. Corp. v. Industrial Acc. Comm'n, 37 Cal.App.2d 567, 99 P.2d 1089, 1090 (Ct.App.1940); Puffin v. General Elec. Co., 132 Conn. 279, 43 A.2d 746, 747 (1945); Allen v. D. D. Skousen Const. Co., 55 N.M. 1, 225 P.2d 452 (1950).