484 P.2d 248

**John S. WASHBURN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Asrco-Silver Bell Unit, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 551.**

Court of Appeals of Arizona, Division 1, Department A.

April 27, 1971.

Rehearing Denied May 17, 1971.

Review Denied June 15, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier State Compensation Fund.

CASE, Judge.

This appeal involves an award of The Industrial Commission of Arizona denying a Petition To Reopen.

On 10 November 1961, petitioner, while employed by ASRCO, sustained an injury to his right shoulder. He filed a claim with the Commission which resulted in a Findings And Award For Temporary Disability entered 6 February 1962. On 24 June 1969, petitioner filed a Petition To Reopen indicating that he had experienced other accidents occurring in the years 1965 through 1969 but had not filed any claims therefor. He alleged that in June of 1967 he suffered a reinjury which aggravated his previous injury. After a hearing the Commission affirmed the award of the hearing officer denying the Petition To Reopen.

The testimony at the hearing indicated that petitioner had sustained a severe back injury when he was ten years old and had undergone a spinal fusion when he was eighteen. Several doctors, including his attending physician, testified at the hearing. All of the doctors, including petitioner's own doctor, agreed that he did not have new, additional or previously undiscovered disabilities resulting from his 1961 injury.

This Court has stated that the burden of proof rests upon petitioner to establish that he has new, additional or previously undiscovered disability resulting from a prior accident. Graves v. Industrial Commission, 71 Ariz. 74, 223 P.2d 817 (1950); London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929 (1950); Harding v. Industrial Commission, 11 Ariz.App. 426, 464 P.2d 1013 (1970). The record is clear that petitioner has a disability relating to his childhood spinal injury, but none relating to his 1961 injury which he claims to have been aggravated by the accident occurring in 1967.

Accordingly, we hold that the award of the Commission is supported by the evidence.

Award affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.