531 P.2d 552

Emogene HUNLEY, Petitioner,

.v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Verkamp's, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1081.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 11, 1975.

Rehearing Denied April 10, 1975.

Review Granted May 6, 1975.

Jerome & Gibson, P. C., by D. A. Jerome, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, for respondents employer and carrier.

OPINION

STEVENS, Judge.

Emogene Hunley (petitioner) was a sales clerk for the respondent employer, Verkamp's on the south rim of the Grand Canyon. As part of her compensation, Verkamp's provided her with an apartment. The 30th of October, 1972, was a rainy day and the petitioner spent most of her day at home since it was her day off. In the afternoon, when it stopped raining, she left her residence to go to the store to buy groceries. She walked out of the apartment, down three steps to the walkway leading to the main sidewalk and as

she did so, slipped, fell and injured herself. She testified that the walkway looked shiny as if wet from the rain. Unfortunately, the walkway was covered with ice.

The petitioner filed her claim for workmen's compensation benefits on 20 December 1972. On 27 December 1972, the respondent carrier issued a Notice of Claim Status denying her claim on the basis that she "did not sustain an injury by accident arising out of and in the course of employment." She filed a timely Request for Hearing. The formal hearing was held on 29 June 1973 at the Grand Canyon. On 13 July 1973, the hearing officer issued his Decision Upon Hearing And Findings And Award For Compensable Claim. After a Request for Review, The Industrial Commission of Arizona issued its Decision Upon Review And Findings And Award for Non-Compensable Claim. The Industrial Commission found "[t]hat said applicant did not sustain personal injury by accident arising out of and in the course of her employment within the meaning and definition of the Workmen's Compensation Act, and any injuries sustained are not compensable." The case is before us by a writ of certiorari to review the lawfulness of the award of the Commission.

The issue is simple: Under the facts of this case, is the injury compensable?

The Arizona Constitution provides that a workman shall be compensated for injuries "from any accident arising out of and in the course of, such employment." Ariz.Const. Art. 18, § 8, A.R.S.; See also A.R.S. § 23–1021. "Arising out of the employment" refers to the origin or cause of the injury and "in the course of employment" refers to the time, place and circumstances of the accident in relation to the employment. Royall v. Industrial Commission, 106 Ariz. 346, 476 P.2d 156 (1970); Peter Kiewit Sons' Co. v. Industrial Commission, 88 Ariz. 164, 354 P.2d 28 (1960); Sears, Roebuck & Co. v. Industrial Com-

mission, 69 Ariz. 320, 213 P.2d 672 (1950); Goodyear Aircraft Corp. v. Gilbert, 65 Ariz. 379, 181 P.2d 624 (1947); Thomas v. Industrial Commission, 54 Ariz. 420, 96 P. 2d 407 (1939); Mahan v. Industrial Commission, 14 Ariz.App. 535, 484 P.2d 1064 (1971); Washburn v. Industrial Commission, 14 Ariz.App. 479, 484 P.2d 248 (1971).

The Supreme Court said that "[w]e believe a fair interpretation of the term 'arising out of' to be that the cause producing the accident must flow from a source within the employment. That source must have its situs in some risk inherent in the employment or incidental to the discharge of the duties thereof. In other words there must be some causal relation between the employment and the injury * * *." Royall v. Industrial Commission, 106 Ariz. 346, 349, 476 P.2d 156, 159 (1970), quoting City of Phoenix v. Industrial Commission, 104 Ariz. 120, 122, 449 P.2d 291, 293 (1969), quoting, McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 251, 226 P.2d 147, 151 (1950).[1] In the case at bar, the petitioner urges that the cause producing the accident, the icy walkway, flowed from a source within the employment, that is, the housing provided as part of the compensation. While slipping on an icy walkway does not appear to be a risk inherent in the petitioner's performance of her duties as a sales clerk, it can be said that walking out of the apartment furnished to her by her employer to get groceries on her day off is incidental to the discharge of her duties. The petitioner further urges that there is a casual relationship between the employment and the injury because she would not have been where she was but for the fact that she was employed by Verkamp's.

"An injury or accident occurs in the course of his employment if the employee is injured while he is doing what a man so employed may reasonably do within

1. The "coming and going" rule as announced in City of Phoenix and McCampbell was expressly overruled in Pauley v. Industrial Commission, 109 Ariz. 298, 508 P.2d 1160 (1973), but the definitions used herein are still valid especially in view of the fact that Pauley cited Royall with approval.

a time during which he is employed and at a place where he may reasonably be during that time." Royall v. Industrial Commission, supra, City of Phoenix v. Industrial Commission, supra, McCampbell v. Benevolent & Protective Order of Elks, supra.[2] In other words, our inquiry focuses on the time, place and circumstances of the accident in relation to the employment. The petitioner was injured on her day off, some eight blocks from the store where she actually performed her duties, although on property owned[3] by Verkamp's while she was on her way grocery shopping. It is our opinion that she cannot meet the traditional definition of "in the course of" employment test. The Supreme Court of our State said:

"Where an injury is suffered by an employee while engaged in acts for his own purposes or benefit [other than acts necessary for his personal comfort and convenience while at work] such injury is not in the course of his employment." Gaumer v. The Industrial Commission, 94 Ariz. 195, 198, 382 P.2d 673, 674 (1963); accord, Goodyear Aircraft Corp. v. Gilbert, supra.

This would be the end of our inquiry except for the case of Johnson v. Arizona Highway Department, 78 Ariz. 415, 281 P.2d 123 (1955). Johnson was an employee of the Arizona Highway Department, employed as an inspector at a remote inspection station close to the Arizona-New Mexico border. The closest living accommodations that employees could afford were some 19 miles distant. Johnson, who was without a car at the time, couldn't avail himself of these facilities. The Highway Department owned two "small cheaply-constructed" houses near the inspection station that were used by employees, including Johnson, as living quarters. While Johnson was in the house, apparently asleep, a fire broke out severely burning Johnson from which he died. The Industrial Commission denied workmen's compensation finding that the accident did not arise out of and in the course of decedent's employment. On certiorari, the Supreme Court held that:

"if an employer furnishes living accommodations for an employee and requires him to occupy the same while employed * * *." 78 Ariz. at 417, 281 P.2d at 124.

or if,

"one is employed under conditions that offer no other reasonable alternative except that he utilize housing facilities furnished by the employer * * *" 78 Ariz. at 418, 281 P.2d at 125.

"he is still within the orbit of his employment while using the premises for living quarters, even though he be off duty from regular shift." 78 Ariz. at 417, 281 P.2d at 124.

In the case at bar, the petitioner is a single person, she was without a car. She did not own a trailer in which to live and walked to work each day. Peggy Verkamp (an employer) testified, that the only reasonable housing available to the petitioner was the one provided by Verkamp's as part of the compensation for her employment. Although Peggy Verkamp testified that the resident employee was required to maintain the premises except for major repairs, we believe that this is not a meaningful distinction from Johnson, supra. We hold that Johnson v. Arizona Highway Department, supra, is the controlling law in this case and the petitioner is within the ambit of the Workmen's Compensation Act.

Counsel for the State Compensation Fund strongly urged that if we approve recovery here, we would change the character of the Workmen's Compensation Act to

---

2. See footnote 1 for comments, supra.

3. The United States government is the actual owner of the property but Verkamp's owns the building and has "preferential rights" to the land.

that of a general 24-hour health and accident insurance for all employees whose employer provides housing for them. In view of McKay v. The Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968), we have no alternative but to allow recovery. The Industrial Commission erred in not following Johnson supra, and in ruling that the accident did not arise out of and in the course of the petitioner's employment.

Award set aside.

NELSON, P. J., and WREN, J., concur.