549 P.2d 159

Emogene HUNLEY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Verkamp's, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 12084–PR.

Supreme Court of Arizona, In Banc.

May 10, 1976.

Jerome & Gibson by D. A. Jerome, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, for respondents employer and carrier.

STRUCKMEYER, Vice Chief Justice.

Petitioner, Emogene Hunley, was injured in a fall on the icy sidewalk leading from the street to the apartment in which she resided. She filed a claim for workmen's compensation. The Industrial Commission entered an award denying any benefits for the reason that the accident did not arise out of and in the course of her employment. The Court of Appeals reversed, 23 Ariz.App. 176, 531 P.2d 552; 23 Ariz.App. 392, 533 P.2d 700 (1975). We accepted review. Opinions of the Court of

Appeals vacated. Award of the Industrial Commission set aside.

Petitioner, at the time of her accident, was employed as a salesclerk in Verkamp's retail store at the south rim of the Grand Canyon in Arizona. Verkamp's owns a number of apartments at the Grand Canyon and as a part of petitioner's compensation she was provided one of these apartments, as were a number of the other employees. She was not absolutely required to live in her employer's apartments; there were other accommodations, such as hotel and trailer parks. Some employees did not live in the Verkamp's apartments.

The day petitioner was injured was her day off. She stayed inside the apartduring most of the morning because it had been raining. In the afternoon she left the apartment to go shopping. As she stepped onto the sidewalk leading to the street in front of the apartment, she fell. Petitioner testified that she believed the walk was wet from the morning rain, but instead it was icy.

▮▮▮ The sole question is whether petitioner's injuries arose out of and in the course of her employment.

We think this case is embraced within the concept of what is commonly known as the "bunkhouse rule." The bunkhouse rule is an extension of the general rule that where an employee is injured on the employer's premises he is entitled to compensation for the injuries if they were received during a reasonable and anticipative use of the premises. *Argonaut Insurance Co. v. Workmen's Compensation Appeals Board*, 55 Cal.Rptr. 810, 247 Cal.App.2d 669 (1967). Where an employee is required to live on the employer's premises, an injury suffered by the employee while making a reasonable use of the employer's premises is incurred in the course of employment although the injury is received during the employee's leisure time. *Johnson v. Arizona Highway Department*, 78 Ariz. 415, 281 P.2d 123 (1955).

It is true that petitioner was not absolutely required to live in her employer's apartment, but as Larson says:

"Logically, however, even in the absence of a requirement in the employment contract, residence should be deemed 'required' whenever there is no reasonable alternative, in view of * * * the lack of availability of accommodations elsewhere." 1 Larson, Workmen's Compensation Law, § 24.40, at 5–169 to 5–170.

The evidence shows that the only alternative to petitioner living on her employer's premises was to purchase a mobile home in the nature of a trailer which could be parked at spaces provided by the park service in the Grand Canyon. For petitioner, because of her financial condition, there was a lack of availability of accommodations and lacking a reasonable alternative as a practical matter, living in her employer's apartment was compelled. *Northern Corporation v. Saari*, 409 P.2d 845 (Alas.1966); *Aubin v. Kaiser Steel Corp.*, 185 Cal.App.2d 658, 8 Cal.Rptr. 497 (1960); *Truck Insurance Exchange v. Industrial Accident Commission*, 27 Cal.2d 813, 167 P.2d 705 (1946); *Allen v. D. D. Skousen Construction Co.*, 55 N.M. 1, 225 P.2d 452 (1950); *Musson v. Industrial Commission*, 248 Wis. 192, 21 N.W.2d 265 (1946).

It is ordered that the award of the Commission is set aside.

CAMERON, C. J., and GORDON, J., concur.

HOLOHAN, Justice (specially concurring).

While I agree with the result reached by the majority I believe that their opinion need not have gone further than to cite *Johnson v. Arizona Highway Department*, 78 Ariz. 415, 281 P.2d 123 (1955) as controlling.

In *Johnson* the Court clearly rejected the notion that the mere fact that an employer

furnishes housing does not make an accident occurring on the premises compensable under workmen's compensation. In order for such an accident to be compensable under the act, the occupancy of the employer's premises must be shown to be required either expressly or by reason of the circumstances. When such a showing is made the occupancy of the employer's premises becomes an incident to employment, and the activities on the premises an incident to the performance of the duties of employment.

In my view the facts which support the conclusion that the petitioner was required to live on the employer's premises were not sufficiently emphasized. The unique locale, Grand Canyon Park, limited the alternatives available to an employee. The employer recognized the problem and provided housing. Those employees who did not use the employer's housing occupied housing made available through their spouses' employment or occupied their own mobile homes. The employer testified that it was essential to their employees that housing be provided. The petitioner had no automobile, had to be within walking distance of her work, did not have sufficient means to purchase a mobile home, had no spouse or relative to provide housing. The circumstances compelled petitioner to reside in the housing provided by her employer to be able to carry out her duties as an employee.

The accident occurred on the premises provided by the employer, and, as above stated, the use of the premises is considered an activity incident to employment providing the necessary causal relationship between injury and employment.

HAYS, J., concurs.