609 P.2d 725

**Mildred Mannette ARNOLD, Plaintiff-Appellee,**

v.

**STATE of New Mexico, Defendant-Appellant.**

**No. 4408.**

Court of Appeals of New Mexico.

Feb. 12, 1980.

Rehearing Denied Feb. 22, 1980.

Writ of Certiorari Denied April 9, 1980.

Bob F. Turner, Kenneth B. Wilson, Atwood, Malone, Mann & Cooter, P. A., Roswell, for defendant-appellant.

Kenneth B. Wilson, P. A., Roswell, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

The sole issue in this interlocutory appeal is whether plaintiff's remedy is in tort or under the Workmen's Compensation Act.

Plaintiff was employed by the State of New Mexico at the Fort Stanton facility. She resided in a house on the premises. She was not required to live on the premises, but this was an incentive for the employees to work at the facility which is in a remote area. The rent was $10.00 per week. The lease agreement made it mandatory for her to take part in search and rescue missions for students who wandered off campus and to help fight fires. She was also expected, during her off hours, to take care of students wandering around campus by either taking them to their proper building or by notifying someone in authority.

Plaintiff worked from 6:00 a. m. to 2:00 p. m. Plaintiff alleged she was assaulted and raped in her residence at 10:30 p. m. by one of the mentally retarded students at the facility. Plaintiff sought to recover damages on several theories of negligence. Defendant's motion to interpose the defense that plaintiff's sole remedy was the Workmen's Compensation Act was denied. We disagree and reverse.

*Allen v. D. D. Skousen Construction Company,* 55 N.M. 1, 225 P.2d 452 (1950) held that it was sufficient if, in view of the nature of the employment setting and accommodations available, it was contemplated (as distinguished from required) that claimant should utilize the employer's bunkhouse or other on-premises sleeping facilities. *See also* Larson's, *Workmen's Compensation Law*, § 24.00, et seq., Vol. 1A (1979), citing *Allen, supra,* § 24.40, p. 5–197.

The facts in *Allen, supra,* are not too dissimilar to those in the instant case. Allen was engaged in road work on a site designated by his employer. The employer had no other accommodations available within a reasonable distance from the work site. Allen was furnished a tent in which to sleep and prepare his meals. He was injured while cooking his breakfast because of an unexplained gasoline explosion. The court awarded compensation.

Here, plaintiff, although not required to live on the premises, had no reasonable alternative. She testified that Capitan was seven miles away, but had no housing available; that Ruidoso was twenty-seven miles away, but nothing could be found under $200.00 per month; that she was making $542.00 per month; and that it was cheaper and more convenient to live on the premises. Further, her presence on the premises was beneficial to her employer.

Given the foregoing and the fact that plaintiff was required, if living on the leased premises, to help fight fires and participate in search and rescue, we hold that plaintiff's injuries arose out of and in the course of her employment. Section 52–1–9, N.M.S.A.1978. Accordingly, the Workmen's Compensation Act is applicable and the "bunkhouse" rule applies. *Hunley v. Industrial Commission*, 113 Ariz. 187, 549 P.2d 159 (1976); *Wilson Cypress Company v. Miller*, 157 Fla. 459, 26 So.2d 441 (1946). The Workmen's Compensation Act remedy is exclusive. *Williams v. Montano*, 89 N.M. 252, 550 P.2d 264 (1976).

The cause is reversed and remanded with directions to proceed consistent herewith.

IT IS SO ORDERED.

WOOD, C. J., and ANDREWS, J., concur.