626 P.2d 609

Felix GAONA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Agricultural Enterprises, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 2394.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 5, 1981.

Rehearing Denied March 23, 1981.

Review Denied April 14, 1981.

**446**

Ely, Bettini & Ulman by Julie A. Doherty, Sam Insana, Phoenix, for petitioner.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

State Compensation Fund, Robert K. Park, Chief Counsel by James L. Stevenson, Phoenix, for respondent employer and respondent carrier.

## OPINION

OGG, Judge.

The question in this case is whether petitioner's injury, admittedly sustained while petitioner was not engaged in employment duties, is nevertheless compensable under the "bunkhouse rule." We agree with the administrative law judge that the injury was not compensable in this case.

Petitioner Felix Gaona, an agricultural worker, was allowed, but not required, to sleep on the second floor of an equipment shop on the agricultural business premises of respondent employer, Agricultural Enterprises. One evening, while climbing the steps to the second floor on which he slept, he struck his head and fell down the steps, injuring himself. He applied for workmen's compensation benefits which were denied by the carrier. After a hearing on the matter, the administrative law judge decided that the injury did not arise out of or in the course of petitioner's employment with Agricultural Enterprises, and that the bunkhouse rule did not apply.

The concept known as the bunkhouse rule is merely an extension of the general rule that where an employee is injured on the employer's premises, such employee is entitled to workmen's compensation benefits if the injuries were received during a reasonable and anticipated use of the premises. Where such employee is required to live on the employer's premises, an injury incurred in the reasonable use of the premises is deemed compensable even if such injury is received while the employee is off duty. *Hunley v. Industrial Commission*, 113 Ariz. 187, 549 P.2d 159 (1976). In *Hunley*, the court in interpreting "when residence is required upon the employer's premises", adopted the following reasoning:

> Logically, however, even in the absence of a requirement in the employment contract, residence should be deemed "required" whenever there is no reasonable alternative, in view of ... the lack of availability of accommodations elsewhere. 1 Larson, *Workmen's Compensation Law*, § 24.40, at 5–169 to 5–170.

113 Ariz. at 188, 349 P.2d at 160.

The bunkhouse rule was first applied in Arizona in *Johnson v. Arizona Highway Department*, 78 Ariz. 415, 281 P.2d 123 (1955). In that case the court held that if the employee was employed under conditions that offered no reasonable alternative except that he utilized housing facilities supplied by the employer, an accident occurring while the employee was occupying those facilities is compensable. The claimant in *Johnson* was an employee of the State Highway Department and was hired as an inspector at the inspection station located at Lupton, a remote area in northeastern Arizona. The nearest towns offering limited housing facilities were approximately 20 miles away. In Lupton, there were no housing facilities other than those offered by the employer except one small hotel with rates that the employees could not afford considering the amount of their salaries. It was impractical for the claimant in *Johnson* to live in the towns twenty miles away because he was without transportation.

Thus, in *Johnson* the court held that the claimant was employed under such conditions that they offered no other reasonable alternatives except that he utilize the housing facilities furnished by the employer. As a result, his death, which occurred in a fire while he was in his sleeping quarters, was determined to be compensable.

In *Hunley v. Industrial Commission, supra*, the bunkhouse rule was also applied. The claimant was employed as a sales clerk at a retail store at the South Rim of the Grand Canyon. The claimant was provided the use of an apartment as a part of her compensation, but she was not required to live there. The court found that the only alternative to the claimant living on her employer's premises was to purchase a mobile home which could be parked at a space provided by the Park Service in the Grand Canyon. Because of her financial condition, this was not a practical alternative for this claimant. Finding that the bunkhouse rule applied, the court found that the claimant's injury, suffered when she fell on the sidewalk outside her residence as she left to go shopping, was compensable as an industrial claim.

The bunkhouse rule as applied in Arizona was summarized in the special concurring opinion in *Hunley* as follows:

> In order for such an accident to be compensable under the act, the occupancy of the employer's premises must be shown to be required either expressly or by reason of the circumstances.

113 Ariz. at 189, 549 P.2d at 161.

Since there is evidence to support the finding that petitioner Gaona was not expressly required to stay upon his employer's premises, we must now examine the facts to see whether he was required to stay on the premises by the particular circumstances.

Petitioner contends that the facts of this case cannot be distinguished from the facts in *Hunley*, and that he had no practical housing alternatives other than living upon the employer's premises. To bolster such an argument, he relies upon assertions that he had no money initially to pay for alternate housing, and that he lacked transportation to get to and from the worksite. The employer and carrier argued that there is reasonable evidence in the record to support the award of the administrative law judge in finding the bunkhouse rule did not apply under the circumstances of this case.

The pertinent finding of the administrative law judge on this issue reads:

Considering the evidence in its entirety, it establishes that there was housing available in the area; and while applicant may not have had funds to rent elsewhere in March, 1979, when he began working, the evidence established that applicant earned $170.00 per week net until May 6, 1979 when he was injured; that it is reasonable to infer, from the evidence presented, applicant had money to rent elsewhere by May 6, 1979 and had considered moving, but no one told him he could not stay on the premises and he therefore stayed.

In our review of the record, we must adhere to certain well established legal concepts. Initially, the petitioner has the burden of proof to show affirmatively that he is entitled to benefits. *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968). This court does not weigh the evidence, but considers it in the light most favorable to sustaining the award. *Perry v. Industrial Commission*, 112 Ariz. 397, 542 P.2d 1096 (1975).

■ Viewing the evidence in such a light, we find there is reasonable evidence to support the determination that the petitioner was not covered by the bunkhouse rule. He was permitted, but not required, to live on the premises. At the time of his injury and for approximately six weeks prior thereto, he had been working and earning a net sum of $170 per week. Other irrigators who worked the same area were living off the premises in the town of Cashion, and there was testimony by Mr. Carl Weiler, owner of Agricultural Enterprises, that housing was available in the area. There was no testimony that housing was not available in the area of his employment. Although there was testimony that he could not afford housing prior to receiving his first paycheck, there is no testimony that he was unable to secure housing on his earnings after he started working. There was evidence that he owned no form of transportation; however, there was no evidence that appropriate transportation could not be arranged or that his worksite was not accessible for available housing.

Although this is a factually close case, it is our opinion there is reasonable evidence to support the decision of the administrative law judge. The evidence indicates that petitioner lived on the employer's premises because it was convenient and financially expedient to do so. Unlike the employees in *Hunley* and *Johnson* the petitioner here failed to meet his burden of proof to show that alternative housing was so impractical as to make living on the employer's premises, effectively, a requirement of employment.

The award is affirmed.

O'CONNOR, P. J., and WREN, J., concur.