630 P.2d 58

**D. E. S. YOUTH CONSERVATION CORPS, Petitioner-Employer,**

**State Compensation Fund, Petitioner-Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**David W. Soto, Respondent-Employee.**

**No. 1 CA–IC 2449.**

Court of Appeals of Arizona, Division 1.

May 7, 1981.

Rehearing Denied June 12, 1981.

Review Denied June 30, 1981.

---

State Compensation Fund, Robert K. Park, Chief Counsel by John R. Greer, Phoenix, for petitioner-employer and petitioner-carrier.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Chris T. Johnson, P. C. by Dennis R. Kurth, Terrence Kurth, Phoenix, for respondent-employee.

## OPINION

O'CONNOR, Presiding Judge.

Petitioners, D. E. S. Youth Conservation Corps (YCC) and the State Compensation Fund, have brought this Industrial Commission special action to challenge an award finding compensable an injury sustained by respondent employee while he was using a pocket knife during his leisure time at the Youth Conservation Corps residence facilities. We agree that the injury has not been shown to have a relationship to his employment with YCC and, therefore, set aside the award.

The Youth Conservation Corps program requires its employees to live in residence at the camp facilities while employed in the program. They are on call 24 hours a day. Duties of the employment include clearing and cleaning desert areas, removing or pruning desert growth, and other similar functions. Employees are not expected or permitted to have knives or pocket knives in their possession.

The parties agree that on August 7, 1978, the 18-year-old respondent was using some off-duty time to cut a hole in a leather knife case with his own pocket knife, intending to hang the rattles from a rattlesnake on the case. The blade accidentally closed, injuring his right little finger. The tip of the finger eventually required amputation.

Respondent filed a workmen's compensation claim for benefits, which was denied by the carrier. After respondent requested a hearing, a formal hearing was conducted before an administrative law judge of the Industrial Commission. In an award entered May 15, 1980, the hearing judge found

the injury compensable. After the award was affirmed on administrative review, petitioner brought this Industrial Commission special action.

■ There is no question that respondent was required to live at the YCC camp during his employment, bringing Arizona's "bunkhouse rule" into play. *Gaona v. Industrial Commission*, 128 Ariz. 445, 626 P.2d 609 (1981). To be compensable under the workmen's compensation statutes, the injury must both arise out of and be in the course of the employment. A.R.S. § 23–1021(A). "[T]he words 'in the course of' ... refer to the time, place and circumstances under which [the injury] occurred." *Goodyear Aircraft Corp. v. Gilbert*, 65 Ariz. 379, 383, 181 P.2d 624, 626 (1947). The "bunkhouse rule" means that an injury suffered while the employee is reasonably using the employer's housing is within the course of the employment, even if the injury occurs during off-duty hours. *Gaona v. Industrial Commission, supra.* The cases which have developed the "bunkhouse rule" have been predicated upon fact situations involving a reasonable use of the employer's premises, thereby insuring the required relationship between the injury and the employment.

In *Johnson v. Arizona Highway Dep't*, 78 Ariz. 415, 281 P.2d 123 (1955) the decedent was required to live in a "small, cheaply-constructed" house heated by an oil stove while employed by the highway department in a remote area. When fire broke out while the employee was sleeping, causing his death, the court found an employment relationship between the required housing facilities and the employee's death; therefore, the widow's claim was compensable.

In *Hunley v. Industrial Commission*, 113 Ariz. 187, 549 P.2d 159 (1976), the employee slipped on the ice on her day off while outside the residence in which it was found she was required by circumstances to live as part of her employment at a retail store at the south rim of the Grand Canyon. Finding the injury compensable, the *Hunley* court summarized:

We think this case is embraced within the concept of what is commonly known as the "bunkhouse rule." The bunkhouse rule is an extension of the general rule that where an employee is injured on the employer's premises he is entitled to compensation for the injuries *if they were received during a reasonable and anticipative use of the premises. Argonaut Insurance Co. v. Workmen's Compensation Appeals Board*, 55 Cal.Rptr. 810, 247 Cal.App.2d 669 (1967). Where an employee is required to live on the employer's premises, injury suffered by the employee *while making a reasonable use of the employer's premises* is incurred in the course of employment although the injury is received during the employee's leisure time. *Johnson v. Arizona Highway Department*, 78 Ariz. 415, 281 P.2d 123 (1955). [emphases added]

*Id.* at 188, 549 P.2d at 160.

We do not believe that the "bunkhouse rule" was intended to have so broad a scope as to include within the ambit of workmen's compensation all conceivable injuries suffered on the employer's premises, no matter how unrelated to any use of the premises such injuries might be.

In this case, respondent injured himself while engaged in a purely personal activity, namely using his own pocket knife which the employer's policy forbade him to have. The activity of the respondent employee did not benefit the employer beyond the general improvement of the employee's morale. *See generally* 1A A. Larson, The Law of Workmen's Compensation §§ 20, 22 (1979).

■ In workmen's compensation cases not involving the "bunkhouse rule," injuries caused by strictly personal activities unrelated to the employment and of no benefit to the employer beyond improvement of employee health and morale have been held non-compensable. *Anderson Clayton & Co. v. Industrial Commission*, 125 Ariz. 39, 607 P.2d 22 (App.1979); *see also Gonzales v. Industrial Commission*, 23 Ariz.App. 179, 531 P.2d 555 (1975). We hold that *where there is no causal relationship between a reasonable use of the residential premises*

*and the injury*, the "bunkhouse rule" should not operate to make compensable those injuries which occur on the premises but which would otherwise not be compensable because of their strictly personal nature.

■ Respondent has argued that the injury in this case arose out of a "reasonable use of the premises" because the activity was a reasonable use of enforced leisure time. We disagree for two reasons. First, the injury here did not arise out of the use of the premises or out of any condition or element of the premises or the surrounding area, but rather arose out of the purely personal use of respondent's own knife. Second, the use of the knife cannot be said to be reasonable when possession of such an instrument was forbidden by the employer. *See Martin v. Bonclarken Assembly*, 296 N.C. 540, 251 S.E.2d 403 (1979), in which decedent, a young resort employee, drowned while swimming in a lake during his lunch hour. The claimants argued that it was reasonable and natural that a young boy would swim at lunchtime to cool off after a hot morning mowing lawns. The court disagreed and denied compensation, finding that the risk was foreign to the employment since the employer's rules barred use of the lake during the lunch hour because the lifeguard was absent during that period.

In reaching our conclusion, we are further guided by analogy to cases which have held that injuries that arise from strictly personal activities are not compensable even though the individual was on 24-hour call. *Peetz v. Industrial Commission*, 124 Ariz. 324, 604 P.2d 255 (1979) (injury incurred by off-duty police officer on 24-hour call while demonstrating to wife the safety mechanism of gun he was required to carry held not compensable); *Loveless v. Industrial Commission*, 6 Ariz.App. 345, 432 P.2d 600 (1967) (watchman on 24-hour duty did not sustain compensable injury when he was accidentally shot by his son who was returning a borrowed gun which had been supplied to watchman by his employer).

■ Finally, we cannot agree with the hearing judge's finding number 7 in which

judicial notice is taken that boys in remote areas are likely to carry knives. In this case, there was uncontroverted evidence that the employer had forbidden the possession of such an instrument. Under these circumstances, it certainly cannot be said that the likelihood that respondent would possess a pocket knife was a proper subject for judicial notice. *Vigue v. Noyes*, 113 Ariz. 237, 550 P.2d 234 (1976); *Arizona Title Ins. & Trust Co. v. Realty Investment Co.*, 6 Ariz.App. 180, 430 P.2d 934 (1967).

For the reasons given above, the award is set aside.

WREN and FROEB, JJ., concur.