[Crim. No. 4544.   First Dist., Div. Three.   May 3, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY WOZNIAK, Defendant and Appellant.

Henry Wozniak, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Paul N. Halvonik, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant was represented by the public defender in his jury trial on a charge of escape from a prison camp (Pen. Code, § 4531). His notice of appeal from judgment of conviction, however, was filed in propria persona. We appointed counsel on appeal. That attorney reviewed the record in detail, corresponded with appellant, and advised him and this court that he could find no meritorious ground to urge. He asked to be relieved. We granted the request. Appellant petitioned for appointment of a second attorney.

We denied the petition (*In re Nash*, 61 Cal.2d 491 [39 Cal. Rptr. 205, 393 P.2d 405]). Appellant sought hearing in the Supreme Court on that issue, but his petition was denied. He has filed opening and closing briefs in propria persona.

Appellant, confined at San Quentin prison, was assigned to Conservation Camp No. 6, located in a mountainous area of Mendocino County. On December 14, 1962, he and other prisoners were taken by truck to a wooded area some miles from the camp to clear brush. At the time fixed for return, appellant was missing. Search for him was long and intensive, but fruitless. The others were returned to camp. Three days later, appellant was arrested in San Francisco. He testified that he became entangled in brush and timber, and could not free himself until after the truck had left. He admits that, despite his asserted plight, he did not call out to others of the work crew. Although he knew the prison camp was to the north, he hitchhiked south to San Francisco.

Appellant admittedly was a prisoner "at work outside or away from prison." He is guilty of escape only if he was "under the custody of prison officials, officers or employees" (Pen. Code, § 4531). He argues that his work party was in the immediate custody of one Homer House, that House was not a prison employee, and that thus departure from his custody was not an escape. It is true that Mr. House was employed by the Division of Forestry. But his duty was "supervising convicts on forestry projects." In light of the applicable code sections (Pen. Code, §§ 5053-5055, 2780, 2787) it is apparent that, as an employee of an "agency providing work for convicts" (§ 2787), he had lawful custody of appellant. There seems no ambiguity in the several sections read together. But even if there were, "we are justified in the public interest" in adopting the construction "favoring the punishment of all escaping prisoners" (*In re Haines*, 195 Cal. 605, 621 [234 P. 883]). Moreover, Lieutenant Sellmer, an employee of the Department of Corrections, was the correctional officer in charge of Conservation Camp No. 6. Appellant quite clearly was in his custody, and escaped from it (see *People* v. *Armstrong*, 188 Cal.App.2d 745 [10 Cal.Rptr. 618]). This conclusion disposes of appellant's claims of error in argument and instructions.

Appellant also argues that the 1963 repeal of section 4531 makes it inapplicable to his offense. But the repeal (and enactment of a new section establishing the like offense) did

not become effective until September 20, 1963. The offense here in issue was committed December 14, 1962, and judgment was pronounced September 12, 1963. Even if judgment had been at a later date than September 20, it would have been proper. Repeal of a penal statute ''does not constitute a bar to the indictment . . . and punishment of an act already committed in violation of the law so terminated'' in the absence of express contrary declaration (Gov. Code, § 9608). The repealing statute (Stats. 1963, ch. 1784) contains no such declaration, nor does any statute of general application.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1965.