[Civ. No. 25292. Third Dist. Sept. 29, 1986.]

DAVID CRAWFORD, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
GROWLERSBURG CONSERVATION CAMP NO. 33 et al.,
Respondents.

## COUNSEL

Frederick J. Gibbons for Petitioner.

Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva, Louis Harris, Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondents.

## OPINION

**PUGLIA, P. J.**—Petitioner's application for workers' compensation benefits was denied by the Workers' Compensation Appeals Board (Board). At the direction of the Supreme Court, we issued a writ of review. The case turns on the applicability or not of the so-called bunkhouse rule to petitioner's circumstances. That rule is "no more than an extension of the general rule that where an employee is injured while on his employer's premises as contemplated by his employment contract, he is entitled to compensation for injuries received during the reasonable and anticipatable use thereof." (*Rosen* v. *Industrial Acc. Com.* (1966) 239 Cal.App.2d 748, 750 [49 Cal.Rptr. 706].) The question presented here is whether the bunkhouse rule applies to a state prisoner injured while off-duty at the forestry conservation camp where he lives and works while serving his sentence. We agree with Board that the rule does not apply in these circumstances.

Petitioner was a prisoner under the jurisdiction of the Department of Corrections. He was assigned to serve his sentence while working at a forestry conservation camp operated by the Department of Forestry. Had petitioner refused this work assignment he would have been incarcerated at a state penal or correctional institution. (See Pen. Code, §§ 2780, 2787, 2788; *People* v. *Wozniak* (1965) 234 Cal.App.2d 162 [44 Cal.Rptr. 215]; *People* v. *Owens* (1965) 236 Cal.App.2d 403 [46 Cal.Rptr. 91].) Petitioner

worked a regularly scheduled eight-hour shift five days a week and was otherwise continuously on call for emergency fire suppression and rescue duties. The injury for which he seeks compensation occurred when he fell from the porch of a camp dormitory. At the time of the fall petitioner had completed his regularly scheduled shift for the day and was not performing any work duties.

Subject to specified statutory conditions, state prisoners are entitled to workers' compensation benefits for "injury arising out of and in the course of assigned employment." (Pen. Code, § 2601, subd. (i); Lab. Code, § 3370, particularly at subd. (a).) Like the identical language in Labor Code section 3600, "in the course of . . . employment" refers generally to the time, place, and circumstances attending the injury. The phrase "arising out of . . . employment" refers to an injury which has its source in the risk contemplated by the employment relationship. (See *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1982) 133 Cal.App.3d 643, 652 [184 Cal.Rptr. 111]; *Western Airlines* v. *Workers' Comp. Appeals Bd.* (1984) 155 Cal.App.3d 366, 369 [202 Cal.Rptr. 74]; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1986) §§ 9.01[1][a] and [b], 10.01[1] and [2].) These requirements are stated conjunctively and both must be satisfied for an injury to be compensable. The bunkhouse rule is no more than a specific application of these statutory requirements. (See *State Compensation Ins. Fund, supra,* 133 Cal.App.3d at pp. 652-653; *Rosen* v. *Industrial Acc. Com., supra,* 239 Cal.App.2d at p. 750.)

Where an employment contract contemplates, or the nature of the employment requires an employee to reside upon his employer's premises, he is entitled to workers' compensation for injuries received during the reasonable and anticipatable use of those premises. (*Rosen,* at p. 750; *State Compensation Ins. Fund,* at p. 653; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *supra,* § 9.02[3][c].) At a minimum, however, "'[t]here must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. . . . But whether a given accident is so related or incident to the business in which the employee is engaged must depend upon its own particular circumstances. . . .'" (*Rosen, supra,* 239 Cal.App.2d at p. 751, quoting *Larson* v. *Industrial Acc. Com.* (1924) 193 Cal. 406, 409 [224 P. 744]; italics omitted.) In most situations in which the bunkhouse rule has been applied, sleeping on the premises was "either required by the employer in order that he might more adequately avail himself of the employee's services at any time, or as an extra compensation supplied to the employee in addition to the primary consideration of wages or salary paid." (*Rosen, supra,* at pp. 750-751, 754.)

Here the only reasonable inference to be drawn from the record is that petitioner was required to live on camp premises because of his custodial status as a prisoner. Since petitioner was neither "engaged in assigned work" (see Lab. Code, §§ 3351, subd. (e), 3370, subd. (a)(8)) when injured nor occupying the camp premises by reason of his employment relationship, we conclude that workers' compensation benefits are unavailable to him. We do not believe the Legislature reasonably could have intended the incongruous result of providing industrial insurance to prisoners on a 24-hour basis simply because their conditions of confinement require their presence full time at their assigned place of work.

The decision of the Board denying benefits is affirmed.

Regan, J., and Evans, J., concurred.

Petitioner's application for review by the Supreme Court was denied December 11, 1986. Reynoso, J., was of the opinion that the application should be granted.