[No. C020823. Third Dist. Mar. 4, 1996.]

NORTHSTAR AT TAHOE et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and BARBARA
WILSON-JACOBS, Respondents.

### Counsel

Grainger & Vigil and Jerald P. Grainger for Petitioners.

Peter J. Donoghue and Iris S. Newton for Respondents.

### Opinion

**NICHOLSON, J.**—Northstar at Tahoe, a ski resort and ski lift operator, and its insurer, Alexsis Risk Management Services, petitioned for writ of review after the Workers' Compensation Appeals Board denied reconsideration of a decision awarding Barbara Wilson-Jacobs disability payments for an injury suffered while skiing on her day off. We granted the writ and now annul the board's decision, finding the board misapplied the so-called bunkhouse rule.

### Factual and Procedural Background

Northstar employed Barbara Wilson-Jacobs as a preparation cook. Skiing was not part of Barbara's job duties, nor expected or required of her. Northstar owns "converted apartments" called Hilltop Housing, and although Northstar does not require its employees to reside there, Barbara elected to live at Hilltop Housing due to its low housing costs.

Northstar provides its employees with identification cards which enable them to use the ski lift without charge. On January 15, 1992, Barbara had the day off. She drove to the ski area, and was carrying her skis and poles toward the lift when she slipped and fell, injuring her back and hip. After her fall, she continued to ski for the rest of the day. Three or four days later, she reported the fall to her supervisor. On February 5, 1992, Barbara "got down" to clean a freezer and "couldn't get up." She was unable to work from February 6, 1992, through April 21, 1993, and eventually underwent surgery.

Barbara sought workers' compensation benefits for her injuries. Northstar's insurer denied her claim, asserting Barbara's injuries did not arise out of her employment with Northstar. The workers' compensation judge awarded Barbara payments for temporary and permanent disability and reimbursement for medical and legal expenses, and the Workers' Compensation Appeals Board denied Northstar's petition for reconsideration.

## DISCUSSION

The board based its award on the so-called "bunkhouse rule." Pursuant to this rule, "[w]here an employment contract contemplates, or the nature of the employment requires an employee to reside upon his employer's premises, he is entitled to workers' compensation for injuries received during the reasonable and anticipatable use of those premises." (See *Crawford* v. *Workers' Comp. Appeals Bd.* (1986) 185 Cal.App.3d 1265, 1268 [230 Cal.Rptr. 425].) Here, however, the effect of the bunkhouse rule is abrogated by an express statutory directive.

The right to workers' compensation benefits is wholly statutory. (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978]; *Graczyk* v. *Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1002 [229 Cal.Rptr. 494, 58 A.L.R.4th 1245].) "This statutory right is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees." (*Graczyk*, *supra*, 184 Cal.App.3d at p. 1003.) Labor Code section 3351 "defines persons included in the definition of 'employee,' and section 3352 defines persons excluded therefrom." (184 Cal.App.3d at p. 1003; see also *Laeng* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 771, 777, fn. 6 [100 Cal.Rptr. 377, 494 P.2d 1] ["Labor Code section 3352 explicitly excludes certain positions from [the] broad, statutory definition of

'employee' . . ."].) Section 3352, subdivision (f), expressly excludes "[a]ny person employed by a ski lift operator to work at a snow ski area who is relieved of and not performing any prescribed duties, while participating in recreational activities on his or her own initiative," from the definition of "employee." There is no dispute Barbara was "relieved of and not performing any prescribed duties" on the day of her injury, nor that she was "participating in recreational activities on . . . her own initiative."

The board's decision asserts there was no legislative intent to abrogate the bunkhouse rule in enacting Labor Code section 3352, subdivision (f).[1] As an initial matter, where the statutory language is plain, we do not analyze the legislative history. (See *Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238-1239 [8 Cal.Rptr.2d 298].) Moreover, even if we did so, not only does the legislative history have no reference to the bunkhouse rule, but to the extent any implication may be drawn, it is that the Legislature contemplated injuries such as these would be noncompensable. The comments from the third and final reading of Senate Bill No. 548, which became Labor Code section 3352, subdivision (f), state in part: "According to the [bill's] author, a recent Colorado Supreme Court decision granted worker compensation benefits to a ski resort bartender who was injured while skiing on his time off on his employer's premises. *Proponents of this legislation hope that it will prevent such an injury from being compensable also in California.*" (Italics added.)

It is the duty of the courts, whenever possible, to interpret statutes so as to make them workable and reasonable, and to avoid absurd applications. (See *City of Santa Clara* v. *Von Raesfeld* (1970) 3 Cal.3d 239, 248 [90 Cal.Rptr. 8, 474 P.2d 976]; *In re Cregler* (1961) 56 Cal.2d 308, 312 [14 Cal.Rptr. 289, 363 P.2d 305].) The bunkhouse rule was never a rule specific to ski areas, but instead was a rule of general application. Accordingly, although the bunkhouse rule remains viable in other employment situations, the plain language of Labor Code section 3352, subdivision (f) precludes recovery under the circumstances of this particular case.[2]

---

[1] The bunkhouse rule predated Labor Code section 3352, subdivision (f), which was introduced as Senate Bill No. 548 in 1975. (See, e.g., *Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.* (1952) 39 Cal.2d 512 [247 P.2d 697] [discussing bunkhouse rule]; *Aubin* v. *Kaiser Steel Corp.* (1960) 185 Cal.App.2d 658, 661 [8 Cal.Rptr. 497] [same].)

[2] Since the Board's decision is erroneous as a matter of law on the undisputed facts, we shall annul its decision. (See *Perez* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 60, 65 [199 Cal.Rptr. 280].) Accordingly, we need not reach the alternative claims of error asserted in petitioners' brief.

## DISPOSITION

The order of respondent board denying reconsideration, and the findings and order of the workers' compensation judge, are annulled.

Sparks, Acting P. J., and Brown, J., concurred.